## McLEOD vs. BERTSCHY.

*Practice—Appeal from order refusing to strike cause from the calendar.*

1. An order refusing to strike a cause from the calendar, when in effect merely a refusal to *continue* the cause until the next term, is not appealable.

2. But when the question determined by it is, whether there is an action between the parties pending in the court, such order affects the merits, and is appealable.

3. Thus, where a cause was pending upon complaint, answer with counterclaims, and reply, and plaintiff entered an order, as of course, for a discontinuance, but defendant noticed the cause for trial and had it put upon the calendar, a refusal to strike it from the calendar, on plaintiff's motion, is appealable.

APPEAL from the County Court of *Milwaukee* County.

Motion to dismiss an appeal from an order denying a motion to strike the cause from the calendar.

*E. Mariner*, for appellant.

*Jenkins & Elliott, contra.*

LYON, J. This is a motion to dismiss an appeal from an order denying a motion to strike the cause from the calendar. The action being at issue in the County Court upon the answer to the complaint, and upon the reply to certain counter-claims contained in the answer, the attorney for the plaintiff entered an order, of course, with the clerk of such court, discontinuing

the action upon payment of the defendant's taxable costs therein, notified the plaintiff's attorneys of the entry of such order, and offered to pay such costs upon presentation of the taxed bill thereof, and further offered to appear before a taxing officer without formal notice, for the purpose of procuring an adjustment of the costs. The attorney for the defendant promptly denied the right of the plaintiff to dismiss his action without leave of court, and notified his attorney that they should disregard such attempted discontinuance thereof, and thereupon they noticed the cause for trial, and caused it to be placed on the calendar for trial, at the next term of the court. A motion was then made on behalf of the plaintiff to strike the cause from the calendar, " for the reason," as stated in the motion, " that the said action is not now depending in this court, but has been discontinued, and is not properly upon the calendar." The court denied the motion, and from the order denying the motion the plaintiff has appealed to this court. It is stated in the order of the court that the motion was denied, " for the reason that said cause is still depending in this court, has not been legally discontinued, and is properly upon the calendar for trial."

The only question presented by this motion is, whether the order of the County Court denying the plaintiff's motion to strike the cause from the calendar, is an appealable order.

The usual office of such a motion is merely to obtain a decision and ruling as to whether the action shall be tried at the term at which the motion is made, or at a subsequent term. In such case the order granting or denying the motion amounts to nothing more than the ruling of the court upon an application for a continuance, and is not appealable. It is a mere matter of practice or procedure, and does not affect the merits of the action-

But the order under consideration has a far deeper significance. It is a ruling by the court that the plaintiff has an action pending therein and must try it and abide the result of the

trial, while the plaintiff protests that he is not a suitor in the court at all, that he has no action depending in it. It would be strange, indeed, if an order which involves the question of the very existence of the action, does not involve the merits of the action. If the order is properly made, the parties are in court, and must abide the judgment of the court, whether it be adverse to one or the other of them. If the order is erroneous, it is because both parties are out of court, and relieved from liability on account of the action. It scarcely seems to require argument to show that an order which operates so vitally upon the action, does involve the merits thereof, and is therefore appealable—Taylor's Statutes, 1635, § 11.

*By the Court*—Motion denied.