## BERTSCHY VS. McLEOD.

*Discontinuance of action, where there is a counterclaim.*

1. At the common law a plaintiff had an absolute right to discontinue his action, whether before or after issue joined, without leave of the court.

2. In equity suits, under the former practice, the plaintiff might in like manner dismiss his bill; but such dismissal did not carry with it a cross bill filed by defendant.

3. The right of discontinuance is not affected by the code, but remains the same as under the former practice, both in legal and equitable actions.

4. In an action upon a written contract, the answer, in addition to certain matters of defense, contained an equitable counterclaim for the reformation of the contract, and also a counterclaim for damages for plaintiff's alleged breaches thereof. The plaintiff thereupon entered a side-bar order for the discontinuance of the action on payment of defendant's costs, and notified defendant of such discontinuance, and of his readiness to pay the costs, etc. The defendant notified the case for trial, and the court refused to strike it from the calendar on plaintiff's motion. *Held,*

    (1.) That plaintiff could, by such an order, discontinue the cause only as to his own alleged causes of action and the defense interposed thereto, and *not* as to defendant's counterclaim.

    (2.) That if plaintiff had obtained an order of the court (or of some judicial officer having power to make such orders) for the discontinuance of the cause, defendant could not have disregarded it, but should have moved to set it aside. But where a side-bar order is improperly entered by an attorney, the other party may disregard it.

APPEAL from the County Court of *Milwaukee* County.

This action was brought to recover an alleged unpaid balance due from the defendant to the plaintiff for a steam engine and fixtures furnished by the plaintiff to defendant, pursuant to a written agreement between the parties, a copy of which is inserted in the complaint. The answer contains, in addition to certain matters pleaded as defenses, two counterclaims, one of which alleges that the written agreement does not contain the

contract made by the parties and which they intended to include therein, in that an important portion of such contract is omitted therefrom, and prays that the written agreement be reformed so as to include the omitted portion; and the other counterclaim is for damages for the alleged failure of the plaintiff to perform such contract on his part, on account of which the defendant demands judgment against the plaintiff for a sum exceeding the demand of the plaintiff.

The plaintiff replied to such counterclaims, in effect denying the material allegations thereof. After issue was thus joined in the action, the attorney for the plaintiff entered a sidebar rule, or order of course, with the clerk of the court, discontinuing the action on payment of the defendant's taxable costs therein. He also, on the same day, served upon the attorneys for the defendant notice of such proceeding, and an offer to pay the defendant's costs upon presentation of a taxed bill thereof, and a further offer to appear without formal notice before any taxing officer for the purpose of having the costs adjusted. The attorneys for the defendant immediately notified the plaintiff's attorney that they should disregard the attempted discontinuance of the action, for the reason that after a counterclaim had been interposed the action could only be discontinued by leave of court; and they accordingly noticed the cause for trial, and caused it to be placed on the calendar for trial at the next term of the court.

Thereupon a motion was made on behalf of the plaintiff, to strike the cause from the calendar, on the ground that the same had been discontinued. The court denied the motion, holding that the cause had not been legally discontinued, but was still pending. This appeal is from the order denying such motion.

*Mariner, Smith & Ordway*, for appellant:

1. A discontinuance is regular if made by an *ex parte* motion to the court, or an *ex parte* order entered in the office of the clerk. *Cooke v. Beach*, 25 How. Pr. R., 359; *Cummins v. Ben-*

Bertschy vs. McLeod.

*nett*, 8 Paige, 79; *Averill v. Patterson*, 6 Seld., 502; *Spaulding v. R. R. Co.*, 12 Wis., 607; Waite's Annotated Code, 638–640. 2. Could defendant disregard the order of discontinuance, and notice the cause for trial, until he had by motion procured it to be vacated? *Rex v. Wilkes*, 4 Burr., 2569; *Moore v. Cord*, 13 Wis., 413; *Jones v. Dow*, 15 id., 582. 3. At common law, on payment or tender, etc., of defendant's costs, plaintiff was absolutely entitled to discontinue his action at any time before the case was submitted to a jury (*Smith v. White*, 7 Hill, 520; *Seaboard etc. R. R. Co. v. Ward*, 18 Barb., 595); and in equity at any time before decree. *Curtis v. Lloyd*, 4 Myl. & C., 194; *Cummins v. Bennett*, 8 Paige, 81; *Spaulding v. R. R. Co.*, 12 Wis., 607. The court authorized the party on his own motion to enter a side-bar rule with the same force and effect as if made by special order. 7 Hill, 521, 522; 1 Salk., 178; 2 Arch. Pr., 233; 1 Burr. Pr., 383. Under our code practice rules for discontinuance are permitted to be entered *ex parte*. 12 Wis., 667; 18 Barb., 595; *Sweet v. Mitchell*, 19 Wis., 530; 1 Van Santv. Eq. Pr., 231; *Cooke v. Beach*, 25 How. Pr. R., 356. This common law and equitable right is retained under the code *except only as limited by rights expressly given* thereunder to the defendant; nor can it be taken away by implication, unless it be an absolutely necessary consequence of some statutory enactment. Counsel further argued that the only limitations created by the code upon plaintiff's right of discontinuance as it previously existed, were those which necessarily follow (1) from the right given to either party, *after issue joined*, to notice the cause for trial; and (2) from defendant's right to interpose new matter by way of defense or counterclaim, and thereafter, in case there is no reply or demurrer within the time limited, to move on ten days' notice for judgment; and that in the present case, defendant not having noticed the cause for trial after issue joined, plaintiff's absolute right to discontinue was not cut off. *Seaboard etc. R. R. Co. v. Ward*, 18 Barb., 595; *Rees v. Van Patten*, 13 How. Pr. R., 258; *Oaksmith v. Suther-*

*land*, 1 Hilt., 265. It is not disputed that under the general power of the court to control its process and the orders made by it or in its name, it may, on motion, *vacate* such an order of discontinuance when the defendant would otherwise lose his redress (*Rees v. Van Patten, supra*); as, for instance, where the bar of the statute of limitations would intervene. *Van Alen v. Schermerhorn*, 14 How. Pr. R., 287. The fact that plaintiff was a nonresident has been held, however, no obstacle to the discontinuance (18 Barb., 595; 25 How. Pr. R., 359); as also the fact that defendant would be deprived of the benefit of certain testimony already taken. 2 Till. & Sh. Pr., 330; 2 Whit. Pr., 189; Voorhies' Code, 521; Waite's Ann. Code, 641.

*Jenkins & Elliott*, for respondent, argued that the counterclaim under the code is analogous to the cross bill in equity under the old system, and "secures to the defendant the full relief which a separate action at law, or a bill in chancery, or a cross bill would have secured him on the same state of facts" (*Gleason v. Moen*, 2 Duer, 642); that a court of equity could not be ousted of its jurisdiction of a cross bill by admission of the original bill (2 Barb. Ch. Pr., 128; *Wickliffe v. Clay*, 1 Dana, 589; *Madison's Ex'rs v. Wallace's Ex'rs*, 2 Dana, 63; *Brown v. Story*, 2 Paige, 594; *Seaboard etc. R. R. Co. v. Ward*, 18 Barb., 595); that in replevin, under the old system, if plaintiff dismissed his suit, there was judgment against him for a return to defendant of the property taken (*Salkold v. Skelton*, Cro. Jac., 519; *Lowe v. Brigham*, 3 Allen, 429; Morris on Rep., 195); and even when the court is without jurisdiction in the replevin action, and the cause is dismissed for that reason, it will not only order a return of the property, but will render a judgment against the plaintiff for the value in case a return cannot be had (*Booth v. Ableman*, 16 Wis., 460, and 18 id., 495); that as thus, under the old practice, wherever the law permitted a defendant to assert a claim against the complainant, it did not allow the complainant to dismiss the action against him, it must be inferred that if the common law had permitted the

Bertschy vs. McLeod.

action of counterclaim, it would not have allowed the plaintiff to discontinue that action by discontinuing his own.    They further argued that the doctrine or practice of counterclaim is borrowed from the Roman and Spanish law, where it is known under the name of "demand in reconvention;" and as showing that by the civil law the plaintiff can discontinue the suit only in so far as he is himself the *actor*, and not as to the demand in reconvention, in which the defendant is the actor, they cited *Lanusse's Syndics v. Pimpienella*, 4 Martin, N. S., 439, 442, 444; *Adams v. Lewis*, 7 id., 405; *McDonough v. Copeland*, 9 La., 309; *Coxe v. Downs*, 9 Rob., 133–135; *Doanell v. Parrott*, 10 La. Ann., 703; *Destrehan v. Fazende*, 13 id., 307. They also cited the following cases in California under the code: *Hancock Ditch Co. v. Bradford*, 13 Cal., 637; *Dimick v. Deringer*, 32 id., 488; *People v. Loewy*, 29 id., 264.    As to the cases in New York (*Cockle v. Underwood*, 3 Duer, 676; *Seaboard etc. R. R. Co. v. Ward*, 18 Barb., 595, and 1 Abb. Pr. R., 46; *Rees v. Van Patten*, 13 How. Pr. R., 258; *Van Alen v. Schermerhorn*, 14 id., 287; *Oaksmith v. Sutherland*, 1 Hilt., 265; *Young v. Bush*, 36 How. Pr. R., 240; *Livermore v. Bainbridge*, 42 id., 53, and 43 id., 272, 274; and, as to the general character and effect of a counterclaim, *Fabbricotti v. Launitz*, 3 Sandf., 743, and 1 Code R., N. S., 121; *Farmers' L. & T. Co. v. Hunt*, 1 Code R., N. S., 1; *Hammond v. Baker*, id., 105; *Wiltsie v. Northam*, 3 Bosw., 162; *Vassear v. Livingston*, 13 N. Y., 256; *Patterson v. Richards*, 22 Barb., 146; *Boston Mills v. Eull*, 6 Abb., N. S., 319, and 37 How. Pr. R., 299; *Clinton v. Eddy*, 1 Lans., 61; *Gleason v. Moen*, 2 Duer, 642; *Miller v. Freeborn*, 4 Rob., 608), counsel contended that while they are confused and contradictory, none of them show that the appellant should have been permitted to discontinue his cause upon application to the court, much less by an *ex parte* rule entered by the attorney.

LYON, J.   The following propositions must, we think, be

conceded:   1st. At the common law, a plaintiff had the abso-
lute right to discontinue his action before or after issue joined,
and without leave of court.    2nd. In suits in equity, under the
former practice, the plaintiff might, in like manner, dismiss his
bill, but such dismissal did not carry with it a cross bill inter-
posed by the defendant.    2 Barb. Ch. Pr., 128 and cases cited.
3d. The right of discontinuance is not affected by the code,
but remains the same, both in legal and equitable actions, as
under the former practice.

By the common law, neither of the counterclaims here inter-
posed could be pleaded in the action.    The one which de-
mands a reformation of the written agreement could only be
made available by a suit in equity; and the other, which
demands judgment for damages for the alleged violation of his
contract by the plaintiff, in excess of the plaintiff's demand,
could only be enforced by a separate action.    Of course, the
subject matter of the latter counterclaim might be pleaded as a
*defense* to the action, either in whole or in part; but the de-
fendant could not in that case recover judgment for any excess
of damages sustained by him, over and above the damages sus-
tained by the plaintiff.    In brief, at the common law the de-
fendant could only plead such matter in defense, and could
not obtain in the action equitable relief, or recover a judgment
for damages against the plaintiff, as he now may under proper
pleadings and proofs.    Waterman on Set-Off, Recoupment, etc.,
471; 1 Chitty's Pl., 569; 2 Black. Com. (Cooley's ed.), 305,
note 19.    Hence, all there was of the action at the common
law was the cause of action as stated in the declaration, and
the *defense* pleaded thereto by the defendant; and that was all
which the plaintiff had an absolute right to discontinue.    Such
right of discontinuance still remains under the present practice,
and, to the extent above indicated, has been rightfully exer-
cised in this case by the plaintiff.    The plaintiff's cause of
action, and all defenses pleaded thereto which could have been

pleaded as such under the former practice, have disappeared from the cause by force of the order of discontinuance.

But we are unable to perceive how it can be held, upon any logical principle, that such discontinuance necessarily carried with it those proceedings of the defendant which the code permits him to institute in the action, or rather to engraft upon it, but which are, in substance and effect, actions brought by the defendant against the plaintiff. Had these proceedings been under the common law practice, as already observed, the counterclaims interposed in this action would have been asserted in two separate and distinct actions, one at law and the other in equity, in both of which the position of the parties would be the reverse of their position in the present action. In such case, surely the discontinuance by the plaintiff of the action brought by him would not work a discontinuance of such other actions brought against him. Why should the plaintiff's discontinuance of his action lead to that result under the present practice? The learned counsel for the plaintiff have failed to answer this question satisfactorily, and we freely confess our inability to do so.

The cases decided by the various courts of New York upon the subject of the right of discontinuance under the code are conflicting, and quite unsatisfactory; and we can get but little aid from them in determining the question under consideration.

It may be stated, in support of the views above expressed, that this right or practice of *counterclaim* is borrowed from the civil law, where it is designated " demand in reconvention ;" and the Louisiana cases referred to by the learned counsel for the defendant clearly show that, by the rules of the civil law, a discontinuance of the action by the plaintiff is ineffectual to put a defendant out of court who has interposed a " demand in reconvention."

If the foregoing views are correct, it necessarily follows that the discontinuance of his action by the plaintiff left the issues

made by the counterclaims and the reply thereto, pending in court and for trial, and that the court ruled correctly in refusing to strike the cause from the calendar. If application be made for that purpose, the county court should, under the special circumstances of the case, permit the plaintiff to vacate the order of discontinuance so entered by him, to the end that the whole controversy between the parties may be adjudicated in this action.

As to the point that the defendant could not properly disregard the order of discontinuance and notice the case for trial, but that he should first have procured that order to be vacated, we think that had the order been made, although erroneously, by the court or some judicial officer having power to make such orders, the point would have been well taken. The case of *Jones v. Dow,* 15 Wis., 582, so holds. But where a mere sidebar order, or order of course, is improperly entered by an attorney, the other party may disregard it.

*By the Court.* — The order appealed from is affirmed.