McLeod vs. Bertschy.

PRACTICE.   (1) *Discontinuance; Counterclaim.*   (2) *Appealable order.*

1. When defendant, by his answer, has set up a *counterclaim*, the rule in this state is, that the court cannot properly grant plaintiff leave to discontinue the action, except as to his own claim or demand.

2. An order of court in such a case refusing plaintiff leave to discontinue the whole suit (including the counterclaim) involves the merits, and is *appealable.*

APPEAL from the County Court of *Milwaukee* County.

*Mariner, Smith & Ordway,* for appellant.

*Jenkins & Elliott,* for respondent.

LYON, J.   This is a motion to dismiss an appeal from the order of the county court, denying leave to the plaintiff to discontinue the action, and is made on the alleged ground that such order is not appealable.

The cause was formerly here on an appeal from an order refusing to strike it from the calendar; and we then held that the plaintiff could not discontinue the whole action by entering an order of course to that effect, after the defendant had interposed a counterclaim consisting of a substantive cause of action against the plaintiff.   32 Wis., 205.   In the manuscript opinion on that appeal, prepared by myself, it was said that it seemed to be settled on principle and by authority, that the court had power in such cases to grant leave to discontinue, and that the granting or denying such leave is in the sound discretion of the court.   If these propositions be correct, it would seem to follow that the order under consideration is not appealable unless there has been abuse of discretion.

But is it true that the court has the power to grant the plaintiff leave to discontinue the whole action, in a case where the defendant has interposed a counterclaim?   It cannot be denied

McLeod vs. Bertschy.

that this power has been frequently asserted and exercised by the courts of New York. But in Louisiana, where the system of jurisprudence prevails, from which were borrowed the provisions of our code of procedure relating to counterclaim, we find that this power has been uniformly denied. *Lanusse's Syndics v. Pimpienella*, 4 Martin, 439, is a leading case on the subject in that state. It was decided in 1826, and so far as we can learn has been followed and acquiesced in ever since, in that state. The defendant pleaded *in reconvention*, that is, he interposed a counterclaim to the action, and demanded judgment thereon. The plaintiff applied to the court for leave to discontinue. Leave was denied, and the ruling was held to be correct. The principles upon which the decision is based, are so clearly stated by PORTER, J., that no apology is necessary for quoting at some length from his opinion. Before doing so, however, it should be observed that the term "*demand in reconvention*," in the law of Louisiana, is equivalent to the term "counterclaim" as used in our law, and to "*reconvene*" is equivalent to interposing a counterclaim in the answer. Such pleading is denominated a "*plea of reconvention*." The language of the opinion (omitting the references to foreign authorities, chiefly Spanish) is as follows :

" The right of the defendant to reconvene the plaintiffs in the same suit in which the latter makes a demand of him, though as clearly established by the ancient laws of this country as any other principle found in them, and though of familiar use among all the modern nations whose jurisprudence is derived from the same origin as ours, has but recently been put into practice in this state. The first case in which it was expressly recognized by this court, was that of *Evans v. Gray*. The legislature have since acted on it, but they have done no more than establish the general principles, leaving the particular questions which might arise to be decided by deductions from those general principles; or by reference to the Spanish jurisprudence, where not only the same general rules are found, but

the modifications which they have received in their application to particular cases.

" Whether the plaintiff can discontinue his action, and by this means put both himself and the defendant out of court, will depend in some measure on ascertaining in what light he is to be viewed in relation to the demand in reconvention ; whether he be not *quoad* this demand really defendant; for, if he is, it would seem to follow as a consequence, that he cannot exercise a right which is given to those asking a judgment against others, and who are therefore left at liberty to enforce their claims in the manner and at the time which their interests may dictate. He stands, on the contrary, according to the hypothesis just put, in a situation where every imaginable reason is opposed to the exercise of such a privilege. There would be few judgments, we imagine, rendered in this country or any other, if the party against whom condemnation was prayed, and against whom it was about to be pronounced, could arrest the sentence by the expression of a wish that it should be postponed to another time, or by desiring that the suit against him should be discontinued.

" Now, with the exception that the defendant, who sets up the plea of reconvention, is not the party with whom the cause originates, it is not seen by us, in relation to such claim, in what other light he can be viewed than as plaintiff. In all these things which essentially distinguish the one from the other, he certainly is ; his demand is not merely that the plaintiff shall not have judgment, but that he shall be obliged to render to the defendant something that is withheld from him. On the judgment which might be rendered on this demand, the same consequences would follow as if the suit had been commenced by original petition instead of one in reconvention.

" It follows, then, that every consideration which prohibits the defendant from withdrawing from a cause, applies with equal force against allowing the plaintiff to discontinue the demand presented against him; and, if the reasoning from

general principles on which this conclusion has been obtained, required any aid from the practice in the Spanish courts, the books which treat of it are clear and express, that in those tribunals he had no power to do so.   *   *   *   The terms used in the laws on this subject, and by the writers who comment on them, by which the party who sets up this plea is called the *defendant*, and he against whom it is used is styled *plaintiff*, cannot change the nature of things.   These terms are resorted to from necessity, to avoid confusion in explaining by whom, and against whom, this right can be exercised."

We look in vain in the New York cases for any satisfactory statement of the grounds upon which to sustain the contrary doctrine, which seems to prevail in that state.   Even though we may not be bound by the rules of law on this subject which obtain in those countries from whose jurisprudence we have borrowed our law of counterclaim, still we are convinced that the views of the Louisiana court are correct in principle, and we therefore adopt the decisions of that court on the question we are considering, as the law of this case.

In respect to the remark in the manuscript opinion, to which reference has been made, it was in no way essential to the decision of the question before the court, but was made for the purpose of indicating the proper practice in the future progress of the cause.   It was clearly *obiter dictum*, and not binding upon the court.   And because we all believe that it is wrong in principle, it has been thought best to omit it from the printed report of the case.

The remaining question is, Does the order appealed from involve the merits of the action ?   If it does, it is an appealable order, and the motion must be denied.   If it does not, it is not appealable, and the motion must be granted.

Our conclusion is that this question must be answered in the affirmative.   It was held, on a motion to dismiss a former appeal in this action, that an order which involved the question of the existence of the action, necessarily involved the merits.

30 Wis., 324.   Here also, the question involved in the order from which this appeal was taken, is of the same character.   It is, whether the action shall or shall not remain in court for trial and adjudication.   If the former order involved the merits of the action, I think it must be held that the latter does also.

We are aware that an application of the principles here asserted must necessarily work an affirmance of the order appealed from ; but it seemed impossible to decide the motion to dismiss the appeal without passing upon the merits of such order.

*By the Court.* — The  motion to dismiss the appeal is denied.