Hutchinson, Administrator, etc., Appellant, vs. Paige, Respondent.

*October 18 — November 3, 1886.*

*Action for accounting: Right of plaintiff to discontinue.*

In an action for an accounting the right of the defendant to affirmative relief is as broad and ample as that of the plaintiff, even though no cross-bill or counterclaim has been interposed; and the plaintiff cannot, therefore, discontinue the action if the defendant objects.

APPEAL from the Circuit Court for *Winnebago* County.

John F. Morse (the plaintiff's intestate) and the defendant were partners in business from 1863 to 1872, when the partnership was dissolved. In 1874 Morse commenced an action against the defendant for an accounting and settle-

ment of the partnership affairs. In his complaint, Morse charged that the defendant kept the partnership books, in which he made false entries and struck false balances, and that he had refused to make a settlement of the partnership affairs; also that on a fair statement of the account a balance would be found due the plaintiff. It is conceded that neither during the existence of the partnership, nor since, has there been any such settlement.

In his answer the defendant admits that, as a general thing, he managed the financial affairs of the firm and kept the books; and alleges that upon the dissolution in 1872, the property of the firm was divided between the partners, and by mutual consent the accounts, notes, choses in action, etc., of the late firm were left in his hands to close and settle; also that he has used due diligence to collect demands due the firm and pay its indebtedness, and has never refused to render a true account of his acts and doings to his late partner. He then states, as reasons why the affairs of the firm had not been settled, that there was a suit pending against the firm, arising out of partnership business, involving several thousand dollars; and that the validity of judgments in favor of the firm for more than $7,000 depended upon the result of a suit then pending in the supreme court of the United States, and upon the result of bankruptcy proceedings against one of the judgment debtors.

The cause was thereupon referred to Col. Harshaw to state an account between the parties. He did so in 1876, but held the matter for further proofs, which neither party ever furnished. He filed no report. Nothing further was done in the case until after the death of Morse, which occurred in January, 1885. In November of that year the court, on motion of the defendant, revived and continued the action in the name of the plaintiff, who in the meantime had been appointed administrator of the estate of Morse. Immediately thereafter the plaintiff served upon the attor-

ney of the defendant a notice of the discontinuance of the action and an offer to pay the costs. The attorney returned the notice with a denial of the plaintiff's right to discontinue. Thereupon the plaintiff moved the court for leave to discontinue the action. The defendant resisted the motion, and showed by affidavit that the time for presenting claims against the estate of Morse had expired. The court denied the motion. This appeal is by the plaintiff from the order denying the same.

For the appellant there was a brief by *Gary, Phillips & Forward*, and oral argument by *Mr. Phillips*.

*Gabe Bouck*, for the respondent.

LYON, J. The question as to when and under what circumstances a party may discontinue his action, and the effect of such discontinuance upon the counterclaim of the defendant, if one has been interposed, was considered in this court in *McLeod v. Bertschy*, 30 Wis. 324; *S. C.* 32 Wis. 205; *S. C.* 33 Wis. 176; and *S. C.* 34 Wis. 244. After able and elaborate arguments and careful consideration, the following propositions were held: (1) At the common law a plaintiff had the absolute right to discontinue his action before or after issue joined, and without leave of court. (2) In suits in equity under the former practice, the plaintiff might in like manner dismiss his bill, but such dismissal did not carry with it a cross-bill interposed by the defendant. *Waring v. Smyth*, 2 Barb. Ch. 128, and cases cited. (3) The right of discontinuance is not affected by the Code, but remains the same, both in legal and equitable actions, as under the former practice. (4) The discontinuance of his action by the plaintiff does not carry with it a counterclaim of the defendant alleging a substantive cause of action. That remains for trial the same as though the defendant, instead of pleading it as a counterclaim, had brought an independent action for the same cause.

Because no counterclaim has been pleaded in the present

case, and because the defendant does not allege in his answer that a balance will be found his due on a settlement of the partnership accounts, counsel for plaintiff claim that the above rules establish the right of the plaintiff to discontinue this action.

Although the defendant has pleaded no counterclaim, yet, because of the peculiar nature and incidents of the equitable action for an accounting, he is in the same position in respect to the right of the plaintiff to discontinue as is a defendant in an ordinary action who has so pleaded. In the action of account the jurisdictional fact is that there is an unsettled mutual account between the parties. It is immaterial in whose favor the balance, when ascertained, will be, and no claim in that behalf by either party in his pleadings is necessary or, if made, of any importance. Both parties stand upon the same footing. If, when the account is stated and settled, the balance is found in favor of the defendant, he is entitled to an affirmative decree therefor, although he has not interposed a cross-bill or counterclaim. 1 Bac. Abr. "ACCOMPT."

The doctrine is thus stated by Judge Story: "In all bills in equity for an account, both parties are deemed actors when the cause is before the court upon its merits. It is upon this ground that the party defendant, contrary to the ordinary course of equity proceedings, is entitled to orders in a cause to which a plaintiff alone is generally entitled; as, for instance, in such a case a defendant may have an order for a *ne exeat regno*, even against a codefendant. So, it is a general rule that no person but a plaintiff can entitle himself to a decree; but in bills for an account, if a balance is ultimately found in favor of the defendant, he is entitled to a decree for such balance against the plaintiff; and for a like reason, although a defendant cannot ordinarily revive a suit which has not proceeded to a decree, yet in a bill for an account, if the plaintiff dies after an interlocutory decree to

account, the defendant is entitled to revive the suit against the personal representatives of the plaintiff, and, if the defendant dies, his personal representatives may revive the suit against the plaintiff. The good sense of the doctrine seems to be that wherever a defendant may derive a benefit from further proceedings, whether before or after a decree, he may be said to have an interest in it, and consequently ought to have a right to revive it." 1 Story's Eq. Jur. § 522.

Thus it appears that in an action in equity for an accounting the right of the defendant to affirmative relief is as broad and ample as that of the plaintiff, although no cross-bill or counterclaim has been interposed. In some sense, both parties are plaintiffs and both defendants; at least, both are actors, entitled to affirmative relief. This places the defendant in a position as advantageous as that of a defendant in an ordinary action who seeks affirmative relief through the instrumentality of a cross-bill or counterclaim.

The conclusion we reach is, that in this action the defendant is within the principle of the rule in *McLeod v. Bertschy*, *supra*, and hence that the court properly denied the plaintiff's motion for leave to discontinue the action.

*By the Court.*— Order affirmed.