GRIGNON and others, Appellants, vs. BLACK, Respondent.

*March 3 — May 20, 1890.*

*Equity: Pleading: Action to enjoin waste: Counterclaim to quiet title: Trial by jury: Discontinuance.*

1. A complaint alleges that the plaintiffs are the owners and in the actual possession of certain lands, and that the defendant claims to be the owner thereof and has brought several actions based upon such claim. The prayer is that the defendant be enjoined from committing waste on the premises until the determination of his claim of title in said actions or otherwise, and for general relief. The defendant, in a counterclaim, alleges that he is the owner in fee of the lands under certain tax deeds and is in the actual possession thereof, and prays that the title absolute be adjudged to be in him, and for general relief. On demurrer to the counterclaim, held:

(1) The counterclaim states a good cause of action to quiet title under sec. 3186, R. S., although it does not state that the plaintiffs are making some claim to the land. The commencement of the action shows that fact.

(2) The defendant, being in possession, has not an adequate

remedy at law to maintain his right to the land as against the plaintiffs' claim.

(3) The facts stated are . pleadable as a counterclaim. The plaintiffs having based their claim upon their own title and possession, the defendant may show his title and possession, and obtain such affirmative relief as they entitle him to.

2. In such action the plaintiff is not entitled to a jury trial of the question of title.

3. The plaintiff cannot, by dismissing his action, prevent a trial upon a counterclaim.

APPEAL from the Circuit Court for *Fond du Lac* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The appellants commenced an action in the circuit court against the defendant, and in such action filed and served a complaint of which the following is a copy, omitting the title:

" The complaint alleges that the plaintiffs are the owners in fee and are in the actual possession and occupancy by one Benjamin O'Deal, their tenant, of private claim 33, in town 21, range 18, in the county of Outagamie, containing 641½ acres, except forty acres thereof on the southwesterly corner, owned by Mrs. Mary E. Grignon; that said plaintiffs, their grantors and ancestors in title, have been in the actual possession and occupancy of said land for more than twenty years prior to July 3, 1886, and have continued such possession since said last-mentioned date by their said tenant; that such possession was taken and has been continued under claim and color of title, and has been continuous, open, exclusive, and uninterrupted, and adverse to the defendant and all others; that the defendant sets up, gives out, and pretends that he is the owner of said private claim 33 by and through some pretended tax deed or deeds and a judgment of some court had and obtained more than twenty years ago last past, and claims the right to exercise acts of ownership over said land, which pretended rights these plaintiffs deny; that under such claim

of right the defendant has at divers times entered upon said land and committed waste, and, by himself and his servants, agents, etc., continues to do so, by cutting and carrying away the trees thereon standing and growing, and digging sand and gravel, and removing the same, and has lately caused to be excavated on said land a large hole or shaft to a stratum of rock, for the purpose of quarrying stone therefrom, and has recently pretended to sell to one Lindawer a lot or parcel of said land containing a sand-bank, and has also entered upon another part of said land and erected a dwelling-house,— all of which aforesaid acts and doings of the defendant have been done without the permission and against the will of the plaintiffs, and tend to promote vexatious and expensive litigation in order to recover the damages thereby sustained by them and enforce their rights in the premises; all of which said several acts and doings of the defendant are and will cause irreparable and permanent injury to the said land, and if continued, as threatened by the defendant, will cause further and irreparable injury to the said land and freehold of the plaintiffs.

"That within two years last past the defendant, to vex, harass, and annoy the plaintiffs and their said tenant, O'Deal, has commenced against said O'Deal divers actions in the circuit court of Outagamie county, which said actions are still pending in the circuit court of Fond du Lac county, the place of trial having been changed to said last-mentioned county; that the first of said actions so commenced is one known as an action of trespass *quare clausum fregit*, for acts alleged to have been done on said land by said O'Deal, which said action has been at issue for several terms of said court, and, on the part of the defendant O'Deal, ready for trial; that the second of said actions so commenced by the defendant against said O'Deal is an action on the equity side of said court, setting up in the complaint the pretended title of said *Black* to the said land, demanding a temporary injunctional order restraining said

O'Deal from cutting wood, hay, shade trees, etc., on said land, and a judgment making said order perpetual, and for damages; that said O'Deal duly served an answer in said action denying said *Black's* title and every material allegation of said complaint, and that on said O'Deal's part said action has been ready for trial ever since the service of said answer; that the third of said actions so commenced by the defendant against said O'Deal is an action of ejectment for a small part of said claim 33, amounting to less than one acre of land, on which stands the dwelling-house appurtenant to said private claim, and in which the said O'Deal, the tenant of these plaintiffs, resides with his family, the title to which said parcel of land embraced in said action of ejectment is the same and not different in any particular from the title to the whole of said private claim claimed and owned by the plaintiffs, and occupied by said O'Deal as their tenant, and said parcel of land is entirely uninclosed, and in no way or manner separated from the other portion of said private claim; that said O'Deal has long since served upon said *Black* his answer to the said action of ejectment, putting in issue the said *Black's* title to, and right of entry upon, said private claim 33, and the whole thereof, and in which action the said O'Deal is, and for a long time has been, ready for trial.

" And the plaintiffs allege and show that, by the trial of the several actions so as aforesaid commenced by the said defendant *Black* against the said O'Deal, the tenant of said plaintiffs, his, said *Black's*, possessory rights, and his title and right of entry to said land, may be fully settled and determined.

" Wherefore the plaintiffs say that the acts and doings of the defendant, as herein stated and complained of, are contrary to equity and good conscience, and tend to the manifest wrong and injury of the plaintiffs, and to the irremediable injury to the premises herein described. The plaintiffs therefore pray that the defendant, *Andrew C.*

*Black*, his agents, servants, etc., be restrained and enjoined by the preliminary order of this court from cutting or removing from said private claim 33, as claimed by the plaintiffs, any timber, wood, stone, or gravel, and from digging, for quarrying or any other purpose, any holes or shafts on said claim, and from leasing, selling, or conveying any of said claim, or from putting any one in the occupancy of the same, or any part thereof; and that said injunction be continued until said actions herein mentioned, or some of them, be tried and determined, or until the defendant's claim of title to said land be otherwise settled and determined; and for such further or other relief as the court shall deem equitable and just, and for judgment against the defendant for the costs of this action."

To this complaint the defendant filed an answer and counterclaim. The answer denies most of the material allegations in the complaint, but is unimportant in the consideration of the questions involved in this appeal. The defendant also filed and served a counterclaim, of which the following is a copy, viz.:

"Further answering, as and for a counterclaim herein, alleges that September 7, 1863, a tax deed was duly issued to defendant, of said land, which deed was duly recorded on the same day; that said tax deed was foreclosed by action in the circuit court of Outagamie county, and judgment rendered in favor of the plaintiff in said action, and duly docketed December 1, 1864; that defendant immediately thereafter entered into possession of said land under claim of title, and has ever since been in the continual possession thereof, has usually cultivated and improved the same, paid the taxes thereon (except on 1-32 part thereof, for one or two years) and before this action was commenced had actually inclosed about 160 acres thereof, etc.; that said premises have been and are now known as a single lot, to wit, 'Private Claim 33,' and are so designated and given by the United States, and are the same premises described in the

complaint; that other tax deeds of said lands were issued to defendant, as follows: September 4, 1865, May 16, 1866, May 14, 1867, and September 2, 1871,— and were each recorded on the same day as issued. [Copies of said deeds and said judgment are annexed to said answer as Exhibits A, B, C, D, E, and F.]

"That immediately upon the execution, etc., of each of said deeds, to wit, September 4, 1865, May 16, 1866, May 14, 1867, and September 2, 1871, this defendant entered into the possession of said land under claim of title thereto exclusive of any other right, founding such claim upon each said deeds at each said entries in addition to the prior deeds and judgment, and has been ever since in the continual occupation and possession of said premises for fifteen years and upwards, etc.; that defendant duly recorded in the office of the register of deeds notice of the payment by him of the taxes on said lands, copies of said notices being annexed as Exhibits G, H, and I.

"That neither the plaintiffs, their ancestors, predecessors, nor grantors were seized or possessed of said premises within a period of twenty years immediately before the commencement of said action; that more than three years have elapsed since the recording of each of said deeds before the commencement of this action, during all of which time defendant was in the actual possession of said lands, claiming title under said deeds, and will rely on the statute of limitations in such case made and provided.

"Wherefore, defendant demands judgment that the complaint be dismissed and the injunctional order be dissolved, and that the title absolute in and to the said real estate and premises described in the complaint, and included in said tax deeds and judgment, be adjudged to be in this defendant, and for costs of suit, and for such other and further judgment and relief in the premises as to the court shall seem just and equitable."

To this counterclaim the plaintiffs demurred "(1) because

there is another action pending between the same parties for the same cause of action, as appears by said answer; (2) because the said counterclaim does not state facts sufficient to constitute a cause of action; (3) because the cause of action stated is not pleadable as a counterclaim to said action." The court overruled the demurrer to the counterclaim, and plaintiffs excepted and replied to the counterclaim, denying the material allegations of the same.

The case was placed upon the calendar by the defendant for trial at the July term, 1889. On the case being called for trial the plaintiffs moved the court for judgment on the pleadings. The motion was denied, and the plaintiffs excepted. The plaintiffs then objected to any adjudication of title in this action to the lands described in the complaint. This motion was also overruled, and plaintiffs excepted. The plaintiffs then demanded that the question of title should be tried by a jury in an action at law,— demanded a jury trial as a right. This was also denied and excepted to. Plaintiffs then objected to any evidence under the answer, for the reason that said answer does not set forth facts sufficient to constitute a defense to this action, and because it appears thereby that the defendant has an adequate and complete remedy at law. Overruled and exception. The plaintiffs made a further objection that it appears on the face of the defendant's alleged counterclaim in this action that, within the meaning of the law in relation to counterclaims, it is not properly pleaded in this action, and that the court has no jurisdiction to try and determine the question of the legal title to lands attempted to be raised by said counterclaim. Overruled and exception. Plaintiffs then moved the court for leave to discontinue the action, including the defendant's counterclaim, with costs in favor of the defendant. This was also denied, and plaintiffs excepted.

The plaintiffs then declined to prosecute their action further. A trial was afterwards had upon the defendant's

counterclaim, and a judgment rendered establishing the defendant's title to the lands described in defendant's counterclaim, and barring the plaintiffs, and all persons claiming under them or either of them, of any right, title, or interest in said lands, or any part thereof, and giving the defendant a judgment for the costs of the action. From this judgment the plaintiffs appeal to this court.

*John Goodland,* for the appellants.

For the respondent there was a brief by *Pierce, Baird & Moeskes,* and oral argument by *Humphrey Pierce.*

The following opinion was filed March 18, 1890:

TAYLOR, J. Upon the hearing of this appeal the learned counsel for the appellants makes the same objections to the defendant's counterclaim that were made in the court below, and insists that the demurrer to such counterclaim should have been sustained — *first,* on the ground that it does not state facts sufficient to constitute a cause of action, and *second,* that the facts set out therein are not pleadable as a counterclaim in said action. All the other objections made in the court below and in this court must be of no avail to the plaintiffs, if the counterclaim states a cause of action in favor of the defendant and against the plaintiffs, and if the facts stated therein are pleadable as a counterclaim to plaintiffs' action.

In determining the sufficiency of the counterclaim, we must be confined to the facts stated in the counterclaim itself; and the admissions made in the answer of the defendant not included in such counterclaim cannot be resorted to by the plaintiffs to test the sufficiency of such counterclaim. The counterclaim is, in substance, an action by the defendant against the plaintiffs; and its sufficiency must be determined, upon demurrer, the same as it would have been had the defendant been the plaintiff in the action, and the facts stated in the counterclaim were set out in his complaint. Considering the facts stated in the counterclaim

as a cause of action by the defendant against the plaintiffs, we must hold that such facts constitute a good cause of action against the plaintiffs in favor of the defendant. The facts stated very certainly state a good cause of action under our statute (sec. 3186, R. S.) to quiet the defendant's title to the real estate in question. The demurrer to the counterclaim admits all the material allegations of fact in the pleading. So in this case the actual possession of the defendant for a long series of years of the lands in dispute is admitted. It is also admitted that the defendant is the owner in fee of said lands; and the commencement of this action by the plaintiffs shows the setting up of a claim to said lands. See *Clark v. Drake*, 3 Pin. 228; *Maxon v. Ayers*, 28 Wis. 612; *Manning v. Heady*, 64 Wis. 630; *Wals v. Grosvenor*, 31 Wis. 681; *Lee v. Simpson*, 29 Wis. 333; *Pier v. Fond du Lac*, 38 Wis. 470. These admitted facts constitute a good cause of action under said sec. 3186, R. S., in favor of the defendant against the plaintiffs.

It is urged by the plaintiffs that the defendant has an adequate remedy at law to maintain his right to said land. In this, we think, the learned counsel for the plaintiffs is clearly mistaken. In considering this counterclaim, the demurrer admits that the defendant has the actual possession of the land in dispute. In such case the plaintiff cannot maintain an action at law against a person claiming possession of or title to such land. His actual possession stands in the way of maintaining ejectment or any other possessory action against any person not in possession and not committing an actual trespass on said land. See *Carmichael v. Argard*, 52 Wis. 607. His remedy to silence the pretensions of others making claim to the land is under the statute, or by an action *quia timet* at common law. Both these actions are equitable in their nature; and the court, in case the title of the plaintiff is disputed by the party not in possession, must try the question of title either with or without a jury, as the court shall determine. If the party

out of 'possession desires a jury trial as to his title, he may commence an action of ejectment to try such title, and, having commenced such action, he might apply to the court of equity having jurisdiction of the equitable action to stay proceedings in such action until the issue was tried in the action at law; and the court of equity might, in its discretion, stay the proceedings in equity. It would probably not be imperative on the court to do so, even in such case.

The only other objection made to the counterclaim is that it was not pleadable in this action. An examination of the complaint shows that the plaintiffs allege that they are the owners in fee, and in the actual possession, of said lands, and then allege facts showing that they would be entitled to a judgment against the defendant declaring them to be the owners of said land in fee, and barring the defendant from any claim to the same. Under their complaint, the defendant having appeared in the action, the plaintiffs would have been entitled to such larger relief as the facts alleged, if established on the trial, would entitle them to, notwithstanding the specific prayer for a more limited relief in the complaint. Sec. 2886, R. S.; *Edleman v. Kidd,* 65 Wis. 18; *Iowa Co. v. M. P. R. Co.* 24 Wis. 93. Their complaint is a good complaint under sec. 3186, R. S. But it is said that no such relief is claimed in the prayer for relief in the complaint, and that it is clear, therefore, that the plaintiffs did not intend the complaint as an action under the statute, but that it was intended as an action to restrain the defendant from doing waste on the premises pending the prosecution of certain actions alleged to have been commenced by the defendant against one O'Deal, who, they allege, is a tenant of the plaintiffs. Possibly this is all the relief the plaintiffs intended to ask in said action, but, as such relief, upon a proper showing, might have been obtained by the plaintiffs by an application in one or all the suits commenced by defendant against O'Deal, and without instituting this action, the defendant had the right to suppose they

would claim, under their prayer for general relief, such relief as they were entitled to upon the facts stated in their complaint and established upon the trial. He had the right, therefore, to answer so as to defeat any such claim for relief, either by a denial of the facts stated in the complaint, or by a counterclaim asking affirmative relief against the plaintiffs which, if granted, would clearly defeat their claim for any kind of relief against the defendant.

But, admitting that the complaint of the plaintiffs would not have authorized the trial court to have granted them any other relief than that contained in the special prayer for relief, still we are of the opinion that the defendant had the right to put in issue by his answer both the possession and title of the plaintiffs, they having asserted that they had such possession and title in their complaint; and, having the right to put such possession and title in issue, he had also the right to claim such possession and title to be in himself, and to ask such affirmative relief, by way of counterclaim, upon the establishment of such right in himself, as the law authorizes. The plaintiffs having brought the defendant into a court of equity, and called upon that court to give them relief because they were the owners in fee and in actual possession of certain lands to which the defendant laid claim, he was clearly authorized to come into the same court, and defeat their right to relief by showing they had no title and no possession, and, having shown that such possession and title were in himself, obtain such affirmative relief as such title and possession would give him as against the plaintiffs.

The learned counsel for the plaintiffs admit that, if the plaintiffs had claimed relief under sec. 3186, R. S., it would have been competent for the defendant, by way of a counterclaim, to ask the same relief on his part. The fact that the plaintiffs did not claim the relief to which they would have been entitled upon the facts stated in their complaint, does not limit the defendant in his claim. The plaintiffs,

by their complaint, make it necessary for the defendant, in order to defeat their action, to litigate with them all the facts they would have been compelled to litigate had the plaintiffs claimed the larger relief. There would seem, therefore, to be no good reason for holding that the defendant should not be entitled to the same relief in this case that he would have been entitled to in the other. The subject of the action of the plaintiffs in this case, as stated in their complaint, is their title and right of possession to the land in question; and the defendant's counterclaim sets up the same subject of the action, viz., the title and possession to the same land. We think there can be no reasonable doubt as to the right of the defendant to set up the facts stated in his answer as a counterclaim in this action, under subd. 1, sec. 2656, R. S. *Mulberger v. Koenig,* 62 Wis. 558; *Cornelius v. Kessel,* 58 Wis. 237; *Jarvis v. Peck,* 19 Wis. 74.

Treating the counterclaim as a sufficient cause of action in favor of the defendant against the plaintiffs, and as properly pleadable in this action, the court was right in overruling the motions of the plaintiffs for judgment upon the pleadings, as well as the motion to dismiss the action, including the counterclaim. There can be no doubt as to the plaintiff's right to dismiss his own action, but this court has held that, when the defendant has properly pleaded a counterclaim against the plaintiff, the plaintiff cannot, by dismissing his action, prevent the defendant from insisting upon a trial of his counterclaim. *Bertschy v. McLeod,* 32 Wis. 205; *Hutchinson v. Paige,* 67 Wis. 206; *McLeod v. Bertschy,* 33 Wis. 176. We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.

The appellants moved for a rehearing, contending (1) that the counterclaim was insufficient because it did not state, as required by sec. 3186, R. S., that the plaintiffs were making

---

Grignon and others vs. Black.

---

some claim to the land; and (2) that, having invoked the aid of a court of equity for purely temporary relief, they have been deprived of their constitutional right of a trial by jury as to their legal rights in the land.

The following opinion was filed May 20, 1890:

TAYLOR, J.   In the argument for a rehearing in this case by the appellants, it is urged that a rehearing should be had because it now appears that a material point was overlooked in determining the case on the first argument. Whether the learned counsel intends to say that the point now insisted upon by him as a reason for holding the counterclaim of the respondent insufficient as not stating facts sufficient to constitute a cause of action or counterclaim, was overlooked by this court or by the counsel upon the first argument, we are at a loss to determine; but, after looking into the brief of the learned counsel upon the argument of this case, we do not find that the point now raised by him was raised in the printed brief, and we have no recollection that he stated it in his oral argument. The point was not, however, overlooked by this court, as is evident from the opinion filed in the case.   The defect which is now pointed out in the brief of the learned counsel was noticed and fully considered by this court; and, after due deliberation, we came to the conclusion that the defect was technical and unsubstantial, and that it would be very near senseless to hold the counterclaim bad for lack of an allegation that the plaintiffs were making some claim to the lands described in the counterclaim, when the complaint of the plaintiffs in the action in which the counterclaim was pleaded expressly makes claim of title to the same lands, and we still adhere to that opinion.   The other point made in the brief of the appellant is but a repetition of the argument made on the first hearing.   We see no sufficient reason for granting a rehearing in the case.

*By the Court.*— The motion for a rehearing is denied, with $25 costs.