OBERMEIER, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*May 11—June 6, 1922.*

*Dismissal and nonsuit: Qualified right of dismissal: Discretion of court.*

1. Independently of sec. 2856, Stats., providing that plaintiff shall have no right to submit to a nonsuit after argument shall have been concluded or waived, and irrespective of what may have been the rule at common law, plaintiff had no absolute unqualified right to a nonsuit before the submission of the cause

Obermeier v. Milwaukee E. R. & L. Co. 177 Wis. 490.

to the jury, but such right was, to a certain extent, within the discretion of the court. The enactment of sec. 2856 does not deprive the court of its discretion to deny a nonsuit in a proper case, even before argument is begun or waived.

2. In an action for personal injuries where the only issue was the amount of damages, and the trial had been once postponed to enable plaintiff's physician to be present, but there was no return of service of a subpœna upon the physician and no attachment was asked to secure his presence and he was not present, and there was no showing that his testimony would not have been merely cumulative of other evidence for plaintiff, it was not an abuse of discretion for the trial court to refuse a nonsuit to plaintiff after all the other evidence was in.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The plaintiff sues to recover for injuries received while a passenger on one of defendant's cars on January 8 or 9, 1920. This action was commenced about three days afterwards. Plaintiff's husband brought another action for the damages resulting to him from such injuries to her. By agreement the two cases were tried together. Another action by this plaintiff through other attorneys had been commenced in the civil court of Milwaukee county for the same accident on January 10, 1920.

The trial commenced June 2, 1921. After the jury were sworn certain matters concerning the other action were disposed of and it was conceded by defendant that the only issue was as to the amount of damages. The plaintiff was examined by her counsel and testified as to the accident and resulting injury; of being attended on the day of the accident by a Dr. Boger and the family physician, Dr. Krueger, and that Dr. Krueger attended for some time thereafter and had been consulted three or four weeks before trial; also as to the subsequent and present effect of the injury. The maid who assisted in the household work after the accident and saw plaintiff's condition was also a witness, as was a former boarder. Her husband testified as to Drs.

Boger and Krueger being in attendance and as to the effect of the injuries to plaintiff and the consequent expense to him.

Dr. J. H. Fowle, for plaintiff, testified at length as to an examination made by him of the plaintiff at her house on January 12, 1920; as to her then condition, and as to another examination made the following November. He testified that certain of the conditions claimed to be a result of the injury might be permanent in their nature. Dr. Boger was not called.

An early adjournment appears to have been taken on the first day of the trial because of the failure of Dr. Krueger to be present. On the next morning the plaintiff's counsel stated that Dr. Krueger said he would be at the court at 10 o'clock, that he had been subpœnaed, and the message had come that he was on the way. Defendant then produced a witness as to the condition of plaintiff after the accident, and a Dr. Kline, who as physician for the defendant called on plaintiff on the day of the accident. The defendant then rested. Dr. Krueger was not then in attendance, and it appeared the subpœna had been served on him by another than the sheriff and there was no return in court as to the service. No demand was made for an attachment, and no statement or showing made that Dr. Krueger's testimony would be other than cumulative. Plaintiff's counsel again referring to Dr. Krueger before the close of the trial, the court ruled that he could only be called in rebuttal. Plaintiff's counsel then stated that plaintiff would take a nonsuit. The defendant refused to consent and the court denied such right and ruled that the defendant was entitled to have the case go to the jury. Plaintiff's counsel, on inquiry by the court, stated they did not want to make any argument to the jury. It was then argued by defendant's counsel and opportunity given to plaintiff's counsel to make the closing argument, of which they did not avail themselves, still standing upon their claim of right to a

nonsuit.   The court then instructed the jury on the question of damages, no objections to such charge being taken or here presented.

The jury awarded plaintiff $575, for which amount judgment was ordered.   From the judgment plaintiff has appealed.

*Wm. A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Carl Muskat.*

ESCHWEILER, J.   Plaintiff asserts that she had an absolute right to dismiss her action against the defendant during the trial thereof and at any time before the argument to the jury had been concluded and cites sec. 2856, Stats., reading as follows:

"The plaintiff shall have no right to submit to a nonsuit after the argument of the cause to the jury upon the testimony shall have been concluded or waived."

This provision first appears in the Revised Statutes of 1878 under the same section number.   Prior to that time it seems to have been the circuit court rule.   Taylor's Revision of 1871, p. 2015.

It is argued that the right of nonsuit at any stage of the proceedings, at least prior to the entry of the verdict if not of the judgment, was a common-law right, and not having been done away with or modified by legislation is still preserved for a plaintiff, and that the only effect of the statute above quoted is to limit the time within which it can be made.

To what point in legal proceedings the common-law right of a plaintiff to discontinue his action or take a voluntary nonsuit extended we do not deem it necessary now to determine.

In *Bertschy v. McLeod,* 32 Wis. 205, it was stated

(p. 210) that at common law plaintiff had the absolute right to discontinue his action before or after issue joined and without leave of court, and that such right of discontinuance is not affected by the Code. That holding was repeated at the same term in *Noble v. Strachan*, 32 Wis. 314, 318.

In a subsequent appeal of the same case, *McLeod v. Bertschy*, 33 Wis. 176, it was held, qualifying the former holding, that the court could not properly dismiss on plaintiff's application the action brought by him where defendant had interposed a counterclaim. This was reiterated in a still later appeal in the same case, 34 Wis. 244, 249.

In *Hutchinson v. Paige*, 67 Wis. 206, 29 N. W. 908, it was determined that there was no absolute right in the plaintiff to dismiss in an action brought for an accounting, although no affirmative relief was demanded by defendant but where a balance might be found due him.

In *Grignon v. Black*, 76 Wis. 674, 684, 45 N. W. 122, 938, it was stated that, although there can be no doubt as to the plaintiff's right to dismiss his own action, such cannot prevent the defendant from insisting upon a trial of his counterclaim.

In *State ex rel. Milwaukee v. Ludwig*, 106 Wis. 226, 82 N. W. 158, although the statute above quoted was not expressly referred to, yet it was stated (p. 233) that such so-called absolute right of plaintiff to discontinue was subject to judicial discretion and determination and many considerations might require its denial, and such appeared in that case (p. 239).

In *Anderson v. Horlick's M. M. Co.* 137 Wis. 569, 571, 572, 119 N. W. 342, the above cited statute was considered and it was held that such right to dismiss is not absolute and is to be granted or withheld according to the justice of the situation, which might be such as to render assent an abuse of discretion (p. 572), although in that case, unlike the present, there had been a new trial granted after ver-

dict. Such circumstance, however, does not lessen the weight to be given to what was there said as to the necessity of the exercise of judicial discretion either to grant or refuse such an application by a plaintiff.

In *Boutin v. Andreas,* 161 Wis. 152, 152 N. W. 822, although the statute here quoted is not referred to and although the defendant there had interposed a counterclaim— a fact not stated in the opinion,—it was again held (p. 153) that there was no absolute right in plaintiff to dismiss his action and again confirms the prior modifying of the rule of the earlier cases such as *McLeod v. Bertschy,* 33 Wis. 176, *supra.*

Whatever, therefore, might be the rule at common law, there is in this state under the established rule no absolute, unqualified right in the plaintiff to insist, on his own motion, to a discontinuance or dismissal of the action at any stage before argument closed or waived.

The common-law rule has also been limited and substantially modified in Massachusetts. *Marsch v. Southern N. E. R. Corp.* 235 Mass. 304, 307, 126 N. E. 519. As stated in *Derick v. Taylor,* 171 Mass. 444, 50 N. E. 1038, in that state as well as in Maine and New Hampshire the rule is now recognized that such discontinuance could not be had as a matter of right after trial begun. See, also, *Washburn v. Allen,* 77 Me. 344, 352.

The plaintiff cites in support of her contention *Slocum v. New York Life Ins. Co.* 228 U. S. 364, 33 Sup. Ct. 523, where there is a discussion (p. 392) of the distinction between voluntary and compulsory nonsuits; but there was no question presented in that case of the plaintiff's right to withdraw her suit or to dismiss, as is pointed out in the dissenting opinion by Mr. Justice HUGHES (p. 410). In Michigan, under their court rule providing that the right exists until the jury have retired for their verdict, it is held an absolute right (*Davis v. Detroit United Ry.* 162 Mich. 240, 241, 127 N. W. 323) ; and under a statute and situa-

tion quite similar to that here presented, *McPherson v. Seattle E. Co.* 53 Wash. 358, 101 Pac. 1084, holds that such was an absolute right and not within the discretionary power of the court. Similar holdings are made in *Southern C. O. Co. v. Shore,* 171 N. C. 51, 87 S. E. 938; *New Hampshire B. Co. v. Ball,* 57 Kan. 812, 48 Pac. 137; *Chance v. Carter,* 81 Oreg. 229, 232, 158 Pac. 947; *Harris v. Houck* (Ariz.) 197 Pac. 575.

In this conflict of authorities on the subject we shall adhere to our former rulings.

On the situation presented here there was no abuse of discretion by the lower court. The plaintiff had ample opportunity to present her side of the issue. The court had already delayed the trial on the first day to enable the plaintiff to produce Dr. Krueger; testimony was given by other witnesses on substantially the entire matter on which, so far as the record here discloses, the absent witness would have testified. No showing of substantial prejudice to plaintiff is made. The court below could and this court may properly take into consideration the crowded condition of the trial court's calendar and the great expense to the community that would be incurred by unnecessary repetitions of trials; and while the plaintiff has a constitutional right to obtain justice freely, promptly, and without delay (sec. 9, art. I, Const.), yet a plaintiff has no right to insist upon that which would have amounted, in this case, to unwarranted delay in and needless repetition of judicial proceedings.

*By the Court.*—Judgment affirmed.