## YOUNG *v.* GRAND TRUNK RY. OF CANADA.

*(Circuit Court, E. D. Wisconsin.  1881.)*

1. PRACTICE—CONSOLIDATION—DISCONTINUANCE.
    The consolidation of several actions into one will not defeat the right to dismiss as to one or more of the original causes of actions.

*Van Dyke & Van Dyke*, for plaintiff.

*G. W. Hazelton*, for defendant.

DYER, D. J.   Three suits were commenced in this court by the above-named plaintiff against the defendant company to recover damages for alleged delay in the transportation of grain which was shipped by the plaintiff over the defendant's road and consigned to Liverpool.   The complaints in the several actions were substantially alike, except that the contracts of shipment were alleged to have been made at different times, thus showing that the several shipments were distinct and independent transactions, each constituting a separate cause of action.   The defences to the actions disclosed by the answers of the defendant were similar.   A motion was made by counsel for defendant to consolidate the cases; and as they are of like nature, and as it appeared reasonable so to do, the court ordered the actions consolidated, and such an order was entered.   Rev. St. § 921.   The plaintiff now moves for leave to discontinue two of the cases.   This motion is opposed, and is now to be determined.

It is contended—*First*, that as the three suits have been, by the order of the court, merged into one, there are no longer two separate cases that can be discontinued.   Strictly speaking, this is true; but although the present motion, in form, is one to discontinue two of the actions as originally entitled, I think it may properly be treated as a motion to discontinue as to two of the causes of action in the present consolidated action.   And so the question really is, has the plaintiff a right to dismiss his suit as to two of the causes of action upon which he originally commenced independent actions?   There can be no doubt that the present consolidated action consists of independent parts or causes of action.   Each shipment of grain and each contract upon which the shipment is alleged to have been made constitutes a distinct ground of action.   They are not simply different transactions growing out of one contract, but they are independent rights of action of like nature, but having no special relation to each other, and brought together by order of the court for convenience at the trial.   At the common law a plaintiff had the absolute right to discontinue his action before or after issue joined, and with-

out leave of court. Under the practice now prevailing in this state this right is recognized, except that where a counter-claim is involved there cannot be such a discontinuance of the whole case as would defeat a trial upon the counter-claim. *Bertschy* v. *McLeod,* 32 Wis. 205; S. C. 33 Wis. 176; S. C. 34 Wis. 244.

In the case at bar no counter-claim is set up. It was admitted on the argument that the plaintiff has the right to discontinue his present entire suit. If this be so,—if, in other words, he has the right to discontinue as to all the causes of action,—why has he not the right to discontinue as to one of them? Suppose the case should proceed to trial in its present form, and the plaintiff should offer no proof in support of two of the causes of action, would it not be the duty of the court, on application of the plaintiff, to direct the jury to find for the defendant upon those causes of action as in a case of nonsuit? Clearly it would; and in such case the court, in accordance with the usual practice, would enter judgment without prejudice. This I regard a conclusive test upon the question here presented. For if the plaintiff would lose the right to discontinue at the trial, or at that stage to take a judgment of nonsuit as to either or any of the causes of action, it follows as a logical conclusion that the right to discontinue now may be asserted and should not be denied.

But it is contended by the learned counsel for the defendant that to permit the plaintiff to discontinue as to two of the causes of action and prosecute his suit upon the one remaining would involve a disregard of the rule which forbids a splitting up of demands where all should be joined in one suit; and *Bendernagle* v. *Cocks,* 19 Wend. 207, and *Reformed Protestant Dutch Church* v. *Brown,* 54 Barb. 191, are cited. The rule invoked, however, goes no further than against several actions for the same wrong or on the same contract, or on several demands resting in matters of account which may be joined and sued for in the same action. And the cases cited reach only to this extent, for they admit that the rule does not extend to distinct contracts. In the syllabus to *Bendernagle* v. *Cocks, supra,* the decision is correctly stated, and is to the effect that where a party has several demands or existing causes of action *growing out of the same contract,* and if the demands or causes of action be split up and a suit brought for part only and subsequently a second suit is brought for the residue, the first action may be pleaded in abatement or in bar of the second action. That case was one of breaches of several covenants contained in the same instrument. The case at bar is one where each cause or right of action springs from an independent

contract. The several contracts have no relation to each other. They are of kindred nature, but they are none the less distinct, and none the less represent distinct and separate transactions between the parties.

It is, however, further urged that as each of the plaintiffs' demands, when taken separately, does not involve an amount sufficient to enable the defendant, if ultimately defeated, to take an appeal, and as the amount of all the demands when united is sufficient to give a right of appeal, the court cannot permit a discontinuance as to two of the causes of action without jeopardizing a substantial right, namely, a right of ultimate appeal. It cannot be claimed that there is any vested right of appeal at this stage of the controversy, nor that such right would accrue until verdict and judgment should pass. The most that can be said is that there is a possible future right of that character. It is not a right *in esse*. Possibly it is not even a right *in futuro*, because the defendant may have verdict and judgment in its favor. Everything in that respect now rests in contingency, and although it may be that if all the causes of action now in suit were to be prosecuted together, and if the defendant were to be defeated, there would then accrue a right of appeal, I do not think that at the present stage the defendant is possessed of such a right in that regard as can be held to forbid the exercise by the plaintiff of his right, which is more in the nature of an absolute, present right to discontinue as to some of his causes of action.

Upon this point, *Pacific Mail Steamship Co.* v. *Leuling*, 7 Abb. Pr. (N. S.) 37, was cited, in which case it was at least inferentially held that, where a defendant has acquired a right in reference to the subject-matter of the action, a discontinuance in disregard of that right would not be permitted. But the right there spoken of is some right acquired by order or decree of the court already made, and in the face of which a discontinuance is asked. Of course, it is not difficult to understand that litigation between the parties to a controversy may proceed to such an extent, even before the final judgment or decree, that substantial and valuable rights may accrue or become established, and in that event a discontinuance or dismissal, which should take away or affect such rights, would not be permitted. But that is not this case.

The plaintiff will be granted leave to discontinue, without prejudice, his suit as to the two causes of action contained in the complaints, marked Nos. 2 and 3, on payment of the taxable costs in those two cases.