### UNION PAC. RY. CO. *v.* JONES.

*(Circuit Court of Appeals, Eighth Circuit. February 1, 1892.)*

**1. CARRIERS OF PASSENGERS — PERSONAL INJURIES — CONSOLIDATION OF ACTIONS — ESTOPPEL.**
    Where a railway company moves that three actions pending against it by members of the same family, for personal injuries received in the derailing of a car, shall be consolidated, and that if a verdict is found there shall be but one verdict, it cannot afterwards complain of the consolidation, although the court, against its objection, ruled that there should be a separate verdict for each plaintiff.

**2. SAME.**
    In such a case, there is no error in requiring separate verdicts.

**3. DAMAGES — PERSONAL INJURIES — FUTURE SUFFERING.**
    In an action tried in March for personal injuries sustained the previous September, it appeared that plaintiff was still suffering to some extent, but would probably recover. *Held,* that compensation could be given for reasonably certain future suffering and disability, though there was no evidence as to the length of time the same would probably continue.

In Error to the Circuit Court of the United States for the District of Colorado.

Action by Gladys Jones against the Union Pacific Railway Company for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

*John M. Thurston, Willard Teller,* and *H. M. Orahood,* for plaintiff in error.

*E. T. Wells, R. T. McNeal,* and *John G. Taylor,* for defendant in error.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge. This action was brought in the circuit court of the district of Colorado for the purpose of recovering damages for personal injuries alleged to have been caused to plaintiff while she was a

passenger upon a train upon the defendant's road, the car in which the plaintiff was riding, with her mother and sister, being derailed. The error mainly insisted upon by the plaintiff in error is that the trial court consolidated this cause, for the purposes of the trial, with two other cases pending against the company in behalf of the mother and sister of the plaintiff. The following extract from the bill of exceptions will show the action of the court in the particular complained of, to-wit:

"Be it remembered that on this 27th day of June, 1891, this cause coming on for trial, * * * and it appearing that there was on the docket of said court at that time, ready for trial, and duly assigned for trial on that day, two other suits against the same defendant, to-wit, one by Katherine Jones and one by Winifred Jones, and it appearing that the causes of action arose out of one accident and one alleged negligence on part of the defendant, the defendant insisted that the three cases should be consolidated and tried as one cause, and that, if a verdict was found, there should be but one verdict and one judgment; but, the plaintiff objecting thereto, the court decided to try all three of said causes on one trial, but to take a verdict in each case and render judgment in each of the three causes, to which ruling the defendant, by its attorneys, then and there excepted."

From this statement it is evident that two propositions were brought to the attention of the court below: (1) Might not the three cases, then pending, be consolidated and tried together? (2) If tried together, in what form should the jury return their verdict? The argument on behalf of the railway company before this court has been directed to the point that the company was put to a great disadvantage in being compelled to try the three cases at one time and before one jury. Granting all that is thus urged to be true, the difficulty is that the action of the court below, in directing the cases to be tried before the one jury, was brought about by the railway company itself, and it cannot be heard to say that there was error committed in this particular.

It is attempted to be maintained in argument that the motion of the company for the consolidation of the causes for trial was so connected with its suggestion that only one verdict should be returned, and one judgment be entered, that the refusal of the court to direct a single verdict relieves the company from the responsibility of having insisted that the causes should be tried as one. This contention is inadmissible. By the action of the railway company two questions were presented to the trial court for decision: (1) Shall the causes be heard as one before the same jury? (2) If so, in what form shall the verdict be returned? The court granted the request of the company that the three cases should be heard at the same time before the one jury, and the company is now estopped from questioning the correctness of a ruling which it asked to have made, and for which it is primarily responsible. Having granted the request of the defendant that there should be but one trial for the three causes, the court then decided that the jury should be required to return three verdicts, and not one, as asked by defendant. It is open to the defendant to aver that the court erred in its decision on this question, but no argument is needed to show that the court decided correctly. If a single verdict had been returned, and a single judgment

had been based thereon, exceeding in amount $5,000, the defendant company would have secured the right of appeal to the supreme court of the United States, with all its attendant delays; but no other possible advantages could have accrued to the defendant company. On the other hand, the rights of the plaintiffs in the several actions would have been seriously affected if the trial court had ordered the return of a single verdict, and had rendered a single judgment, because it would have been impossible to determine what part or proportion of the sum awarded as damages belonged to each of the several plaintiffs. The court was therefore clearly right in directing that the jury should return a verdict applicable to each case; thus showing the damages awarded to each one of the several plaintiffs.

The next error assigned that will be noticed is that wherein the defendant company complains that under the evidence in the case the jury should not have been allowed to consider the future suffering of the plaintiffs as an element of damage. The accident happened on the 4th of September, 1890, and the trial was begun on the 26th day of May, 1891, and the evidence showed that at the time of trial the plaintiff was still suffering to some extent from the injuries received; that the probabilities were that she would ultimately recover, but no testimony was introduced directly upon the point of time when complete recovery might be expected. In the charge to the jury the court very clearly limited the right of recovery to such disabilities or injuries as were proven to be real, complete and entire; and thereupon the bill of exceptions shows that the following proceedings took place:

"*Plaintiff's Counsel.* I noticed the court directs the attention of the jury to the fact of the disabilities, but said nothing of their suffering. I apprehend these parties are entitled to compensation for suffering.

"*The Court.* Yes; suffering, it is true, is a proper element for compensation.

"*Defendant's Counsel.* That cannot go beyond the present time, under this evidence. They cannot allow on account of the future suffering.

"*The Court.* I am not able to say that, gentlemen. It was said these ladies would recover. The time in which they may recover was not stated. Physicians expressed no opinion upon that. Probably they ought to have been asked by counsel their opinion on that subject, but it was not done; and, in the absence of such testimony, you are at liberty to go upon your own judgment in respect to that matter. The plaintiffs can have no right of action hereafter for any part of the disability, and you can include in your verdict the disability which may continue from this time onward, in so far as you may believe it may continue, if you find for them."

To this instruction exception was taken, and it is now argued that it was error to permit the jury to determine whether there was a probability of future disability or suffering, and award damages therefor. As already stated, the evidence showed that the disabilities caused by the accident had lasted up to the date of trial; and, still existing, it was the necessary inference that they would continue, with the attendant suffering, for some time in the future; and for such future disability and suffering the plaintiff was entitled to recover. The objection made by

defendant is that it was incumbent upon the plaintiff to have introduced evidence proving the length of time the disability and suffering would continue. If by this is meant that the plaintiff was bound to submit in evidence the opinion of physicians upon this point, and that the jury would be bound to accept such opinions, we cannot agree to the proposition. It would have been entirely proper for either or both parties to have introduced such expert testimony upon this point, but it was not done, and therefore the jury was rightly instructed that they must consider this matter of future disability, and decide it to the best of their judgment, which was the equivalent of saying that they had before them no expert opinions, and must therefore decide it upon such facts as were in evidence. There was some evidence bearing upon the question before the jury,—such as the nature of the injuries received, their effect upon the physical condition of the plaintiff, and the length of time that the disabilities had already continued; and, upon due consideration of these facts, it was the duty of the jury to determine whether there was a reasonable certainty of future disability and suffering, and, if so, to award compensation therefor. No expert testimony could have shown just how long such disability would exist in the future, as the matter is one beyond absolute knowledge, and therefore experts could only have given their opinions based upon the facts appearing in evidence; and, while such opinions might have aided the jury in reaching a conclusion upon the question, yet they were not indispensable to its consideration and determination by the jury.

Exception was also taken to the refusal of the court to give certain instructions asked by defendant; but, with the exception of the fourth, which covers in another form the point just discussed, no special reliance is placed in the argument upon the refusal to give the second and third requests of defendant, doubtless for the reason that the charge of the court fully covered the points made in these requests. In the instructions given the jury, the trial court very carefully and fully guarded the interests of the defendant in all matters pertaining to the injuries complained of, and to the extent of the recovery therefor; and the defendant is wholly without ground for just exception to any instruction, given or not given, upon these matters.

Finding no error in the record, the judgment below is affirmed, at the cost of plaintiff in error.