## NETHERLAND-AMERICAN STEAM NAV. CO. v. HOLLANDER.

(Circuit Court of Appeals, Second Circuit. January 12, 1894.)

No. 48.

1. PARENT AND CHILD—LOSS OF SERVICE—PARENT'S RIGHT OF ACTION FOR INJURIES.

The right of action of a father for an injury to his minor child is based on the parental relation, not that of master and servant, and he is entitled to be indemnified for his expenses in the care and cure of the child, and for loss of services past and prospective.

2. SAME—DAMAGE—PROVINCE OF JURY.

Whether a girl who was injured at five years of age, and had not recovered at the time of the trial,—over a year later,—could render any service, past or prospective, of pecuniary value to her father is a question of fact which the jury may determine upon consideration of the injury, the continued disability, and the age and sex of the child, without other evidence as to ability to render services.

In Error to the Circuit Court of the United States for the Southern District of New York.

At Law. Action by Morris Hollander against the Netherland-American Steam Navigation Company for injuries to his minor child, brought in the supreme court of the state of New York, and removed therefrom by defendant. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

In charging the jury the court said, among other things: "In assessing the value of damages, you are to take into consideration that it is only the loss to the father for which this suit is brought, and which this particular jury is to assess. He has given testimony of money paid out, which aggregates about twenty-one dollars. Besides that, he is entitled to such sum for the loss of services of his child as may be reasonable in view of what the circumstances of the case are, to wit, the age of the child, and the amount of services which it might have rendered to him from the date of the accident until the present time. He is also entitled to such compensation as is proper to take the place of any services of this child which he may lose in the future in consequence of the accident. You are not to guess at that. You are not, without evidence, to assume that because the child's arm was broken two years or a year and a half ago, and at this moment of time she does not use her arm as her brother does his, that the child is going to be disabled; and I know of no evidence in this case as to what the probabilities are. You are not entitled to guess at that. You must reach your conclusion from evidence."

The errors alleged are as follows:

In the refusal of the court to direct a verdict for the plaintiff in error upon the whole evidence, as requested by defendant's counsel.

In refusing to charge, as requested:

(1) "That this action is based upon supposed loss by plaintiff of services of his daughter, and that there can be no recovery in this action except of the actual expenses proven to have been incurred by the plaintiff in consequence of the injury, except for loss of actual services."

(2) "That there is no evidence in this case that plaintiff's daughter was able to render any services of value."

(3) "That loss of services cannot be inferred without evidence."

(4) "That there is no evidence in this case that would justify the jury in finding that the injury to the child is permanent."

Wing, Shoudy & Putnam, (J. A. Shoudy, of counsel,) for plaintiff in error.

Benno Loewy, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff rendered upon the verdict of a jury. It was proved upon the trial that the plaintiff and his daughter, the latter being of the age of about five years, were passengers on the defendant's steamship Amsterdam, on a voyage from Rotterdam to New York, in September, 1891; that while they were walking upon the deck of the vessel an iron gate fell on the child, breaking her arm; that the plaintiff had employed a surgeon, and had taken the child to the hospital every fortnight for about six months after her injury; that he had incurred expenses for surgical treatment and medicines; that since the accident—a period of something over a year before the trial—the child had suffered from her injuries, and had not been able to use her arm as she did before the accident; that she continued to have restless nights, and had no one to take care of her but the plaintiff. The evidence tended to show that the child's injuries were caused by the negligence of the defendant. No testimony was introduced to show that the child had ever rendered any services for the plaintiff, or that she was capable of doing so.

The exceptions taken upon the trial, and the assignments of error which have been argued at the bar, raise the questions (1) whether the action was maintainable either for expenses or for loss of services; and, (2) if maintainable for the loss of services, whether there was any evidence which justified the trial judge in instructing the jury that they might award damages for prospective loss of services.

A father whose infant child has been injured by the tort or negligence of a third person has a right of recovery to the extent of his own loss. He cannot recover for the immediate injury to the child. His action rests upon his right to the child's services, and upon his duty of maintenance. When he is deprived of the right, or put to extra expense in fulfilling the duty, in reason and justice he ought to be permitted to have recourse to the wrongdoer for indemnity. He is entitled to be indemnified for his expenses necessarily incurred in the cure and care of the child, and for the loss of the

child's services, past and prospective, during minority, consequent upon the injury. By some authorities the loss of service has been regarded as the foundation of the action; and the English courts, influenced by this strict view of the gravamen of the action, have decided that a father has no remedy, even for his expenses, where the child is of such tender years as to be incapable of rendering any services. The authorities in this country approve a more liberal and more reasonable doctrine, and, basing the right of action upon the parental relation, instead of that of master and servant, allow the father to recover his consequential loss, irrespective of the age of the minor. Dennis v. Clark, 2 Cush. 347; Cuming v. Railroad Co., 109 N. Y. 95, 16 N. E. 65; Clark v. Bayer, 32 Ohio St. 300; Durden v. Barnett, 7 Ala. 169; Sykes v. Lawlor, 49 Cal. 236.

It was within the province of the jury to form an estimate of the damages which would compensate the plaintiff for his present and prospective loss upon the facts which were before them. Whether the plaintiff's daughter, in view of her age, could render him any services having a pecuniary value, was a question of fact. It could not have been ruled as a question of law that a child of her years was incapable of doing so. The evidence showed the child's disability had lasted for more than a year, and still continued, thus raising the presumption that it would continue in the future for a longer or shorter period. Having these facts and the age and the sex of the child before them, the jury were as well qualified as any expert could be to form a correct opinion as to the duration of her incapacity, and the value of her services to her father. A case could hardly be imagined in which it would be more impracticable to furnish direct evidence of any specific loss by deprivation of services. Any evidence respecting the prospective loss would necessarily have been speculative and hypothetical, and could not have been of any real assistance to the jury. Railroad Co. v. Jones, 1 C. C. A. 282, 49 Fed. 343; Ihl v. Railroad Co., 47 N. Y. 317; Railway Co. v. Fielding, 48 Pa. St. 320. There was no error in the refusal of the trial judge to direct a verdict for the defendant, or in his instructions to the jury upon the subject of damages, and the exceptions of the defendant were not well taken.

The judgment is affirmed.