ADAMS HOTEL COMPANY VS COBB.

Opinion delivered October 26, 1899.

1. *Evidence—Hypothetical Question—Who May Answer.*

Answers of physicians, as experts, to a hypothetical question as to the effect of a described nuisance on the comfort and health of persons residing in the immediate vicinity, are not inadmissible in an action for damages on account of illness claimed to have been caused by defendant maintaining such nuisance, because put to physicians other than those in attendance on plaintiff's family.

2. *Verdict—Special Findings—Discretionary.*

Under Mansfield's Digest, Sec. 5142 (Ind. Ter. Stat. Sec. 3347). it

is wholly within the discretion of the jury and court to make special findings of fact on which the amount of the verdict is based, instead of finding a general verdict for damages; and the court's refusal to require such findings is not reversible error.

3. *Instructions—Must be Considered as a Whole—Damages.*

If all the instructions considered together fairly present the law of the case, a party may not complain that its rights and interests were not properly presented to the jury. And in an action for damages on account of the maintenance of a nuisance, the instructions are proper if, when fairly construed, they charge the jury to consider only damage resulting from the wrongful acts of the defendant, and disregard any damage resulting from other causes.

4. *Nuisance—Special Damages Recoverable—Inference of Damage.*

Special damages, either direct or consequential, entitle one to whom such accrue, to recovery, although the nuisance from which such damage results, is a public nuisance; and when the nuisance is proved, the law infers damages therefrom.

5. *Nuisance—Acts Constituting.*

To negligently construct a sewer, to carry off filth and foul water from a hotel, of insufficient size and improper level, and to permit the tiling to be exposed and broken near the surface of the ground, and the contents to be thrown upon adjoining property and in front of and around the same, causing discomfort, inconvenience and illness to persons residing thereon, is to maintain a nuisance.

6. *Pleading—Results Actionable Per Se.*

A complaint which charges that certain acts of the defendant in maintaing a nuisance, resulted in the discomfort, inconvenience and illness of plaintiff and his family, charges results which are actionable per se.

7. *Damages—Services of Child—Parent's Right of Recovery for Loss.*

A parent is entitled to the services of his children, and can recover for any injury resulting in loss of such services.

8. *Damages—Wife's Services—Medical Expenses.*

One may recover for the loss of a wife's services and society,

and for expenses incurred for medical services to wife and children, occasioned by illness resulting from a nuisance created or maintained by another.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by Benton Cobb against the Adams Hotel Company for damages for maintaining a nuisance. Judgment for plaintiff. Defendant appeals. Affirmed.

On August 14, 1895, complaint was filed in this action by plaintiff below, appellee here, against the defendant below, appellant here, in which plaintiff alleged: That he is in lawful possession of a lot in the town of Muscogee, Ind. T., and in 1890 he erected buildings for a home for himself, wife and children, in which he has resided for nearly five years, and still resides. That defendant has a hotel north of his residence, and that it constructed an underground sewer to the southward, and through the lot of plaintiff, without his consent. That said sewer was negligently and faultily constructed, not being of sufficient size, and not run at the proper angle, to safely and effectually carry off the filth and foul water from said hotel, and was placed so near the surface of the ground at points that the hollow tiling was exposed and broken. "That by reason of the negligent construction of said sewer, as well as the negligent operation of the same, filth and foul water of the most obnoxious and dangerous character have been thrown upon his lot and premises, and in front of and around the same, so as to greatly depreciate its value as a place of residence, and endanger and impair the health of himself and family, and cause them great discomfort and inconvenience." That, to get rid of the foul water cast upon his premises, he was

compelled to dig a ditch at his own expense to carry it off. That, as a consequence, his wife was made sick for three months in the Fall of 1893, and his children made sick from time to time, from the same cause, "necessitating a large outlay of time and money, and causing him the loss of the proper services of his family in their household duties." That said wrongs and injuries have continued for three years and more, notwithstanding protests and notices served by plaintiff upon defendant and its agents; and that he has been damaged $1,500. On December 6, 1895, defendant filed motion to have complaint made more definite and certain. On November 2, 1897, plaintiff filed bill of particulars as follows, to-wit: "The plaintiff claims damages for the loss of the society and services of his wife during her sickness, which he fixes at $1,000; for money expended in the proper care and attendance upon her in her sickness, in the sum of $500; for the loss of services and necessary expenses of caring for and attending properly to his children during sickness directly resulting from the wrongs complained of, which he fixes at $500; for the discomfort and inconvenience to himself and family in occupying their home by reason of the wrongs complained of, which he fixes at the sum of $1,000. The foregoing amendment is filed in compliance with motion of defendant to make complaint more specific, and is made a part of said complaint, which is also amended by claiming $3,000 damages instead of $1,500." On November 9, 1897, defendant files answer, and specifically denies each allegation of plaintiff; alleges that plaintiff is responsible for any annoyance and injury which he may have suffered by reason of said sewer; and "that whatever loss of society or services of his wife and children that plaintiff has suffered, and whatever money he has expended in nursing and caring for them while sick, if any, or whatever discomfort he or his family have suffered, came from natural causes, or from plaintiff's own wrong, or from the wrongs of others, and not from any

wrong committed by this defendant." Case was tried to a jury, and verdict for plaintiff. Defendant moved for a new trial, which was overruled by the court, and judgment rendered upon the verdict, and defendant appealed to this court.

*N. B. Maxey* and *Stuart, Lewis & Gordon*, for appellant.

*Geo. E. Nelson*, for appellee.

TOWNSEND, J. The appellant has filed 13 assignments of error. The first one goes to the admissibility of certain evidence as to the condition of the sewer prior to the institution of the suit, and the second one to the admissibility of the testimony of Drs. Reeves and Thompson as experts to answer the following hypothetical question: "Assuming it to be true that foul water and filth were thrown on or near the premises of a residence in which resided a husband, wife and six children, and which emitted foul and disagreeable odors, and that condition was continued for several months, or at frequent intervals for a year or more, what, in your opinion, would be the probable result of that condition —of such a condition—upon the health of persons who reside at that point?"—because they were not the physicians who attended appellee's family, and therefore not the best evidence. We cannot concur with appellant in its contention, and think the testimony was properly admitted.

Evidence.
Hypothetical
question.

The third assignment of error goes to the refusal of the court to direct a verdict for the appellant. The evidence, as shown by the record, in our judgment amply sustains the finding of the jury.

The fourth and sixth assignments of error are on the refusal of the court below to give certain instructions, but in our judgment the court fully presented the questions of law to the jury as applicable to the facts.

The fifth and twelfth assignments of error are that the court erred in not requiring the jury to make special findings of fact on which they based the amount of their verdict, instead of finding a general verdict for damages. This is wholly within the discretion of the jury and the court, and is not reversible error. Mansf. Dig. §5142 (Ind. T. Ann. St. 1899, §3347); Railroad Co. vs Parkhurst, 36 Ark. 371. The seventh, eighth, ninth, tenth and eleventh assignments of error are to the giving of the second, third, fourth, fifth and ninth paragraphs of the charge of the court, which are as follows: "(2) The court instructs the jury that it was the duty of the defendant to stop the use of the sewer whenever, from any cause, it became so out of repair as to cast filth and foul water of a noxious and dangerous character upon the premises of the persons residing along its route, until the same could be repaired and put in good order; and if the jury shall believe from the evidence that the sewer was out of repair from time to time during, say two or three years before the institution of this suit, and that the defendant continued to use it when so out of repair or in damaged condition, filth and foul water of a noxious and dangerous character were thrown upon and around the premises, then he is entitled to recover such sum as would compensate him for the injury sustained by him. (3) And the court instructs the jury that no act of any third party, without the aid or procurement of the plaintiff, could be imputed to the plaintiff as his conduct, or in any wise relieve the defendant from the consequences of its own wrongs, which resulted in injury to the plaintiff. And the defendant cannot be held responsible for any nuisance created by third parties, not acting under its orders or instructions. (4) Upon the questions of damages in this case the court instructs the jury that every man is entitled to the comfortable enjoyment of his own home; and if you shall find, under the instructions of the court, that the plaintiff is entitled to recover in this action, and

*Verdict. Special findings.*

*Instructions.*

that the plaintiff's home was rendered uncomfortable and inconvenient by the misconduct of the defendant, then they should award him in their verdict such sum as will compensate him for that injury; and the court instructs the jury that, while there is no arithmetical rule for estimating the damages in such a case, yet the causing of such discomfort and inconvenience to the plaintiff would be an injury in the eye of the law, the extent of which the jury may measure in damages, in view of all the facts and circumstances of the injury. (5) And if they shall further find that any of the plaintiff's children, in his own home and under his control, were made sick from the filth and foul water cast upon his premises, then they may consider, in fixing the amount of their verdict, any money expended by him in their proper medical care and treatment, and also the damage, if any, which he may have sustained by reason of the loss of the services of any of them during the period of their sickness, if they were of sufficient age and capable of rendering any service to him or the family when in a state of health; and the court instructs the jury that the services of a child are, no more than the services of the wife, to be estimated by the merely physical and gross standard. If the jury also find that the wife of the plaintiff was made sick by reason of the filth and foul water cast upon his premises, then in assessing the amount of damages which would compensate the plaintiff in this case, it is proper for them to consider the loss of the society and the services of his wife during the period of her sickness, if any, and also any sums of money he may have expended in the proper care and attendance upon her during her sickness. And the court instructs the jury, in this connection, that a wife's services to her husband are not to be valued as the services of a mere hireling. The frugality, industry, usefulness, attention, and tender solicitude of a wife and the mother of children make her services greater than those of an ordinary servant, and therefore

worth more; and those elements should be considered, so far as the evidence discloses them, in making a money estimate of the value of her services, and in this case the loss of services of the wife must be confined to three months in the fall of 1893." "(9) The court further instructs the jury that the Adams Hotel Company had a right to construct the sewer in question, and use it for the purpose for which it was constructed, so long as it kept it in proper repair; and if you believe from the evidence that the defendant hotel company did use all reasonable means to keep said sewer in repair, and that it was prevented from doing so by the wrongful conduct of the plaintiff, or of others for whose acts the defendant was not responsible, and that all the nuisance which was created was the result of the wrongful conduct·of the plaintiff and such other persons, then you should find for the defendant." The court also gave the following charges to the jury in paragraphs 6, 7 and 8: "(6) The court instructs the jury that the plaintiff cannot recover for any of the injuries complained of in his complaint unless he has shown by a fair preponderance of the evidence that the sewer from the Hotel Adams was the proximate cause of the sickness of plaintiff's wife and children. (7) The court further instructs the jury that, before the plaintiff can recover for the annoyance alleged to have be [been] caused by said sewer, he must show by a fair preponderance of the testimony that the sewer in question was negligently constructed, or not kept in proper repair, through the fault of the Adams Hotel Company. (8) The court further instructs you that, before you can find any damage for the plaintiff, you must believe from the testimony that he has suffered some real injury; in other words, you cannot base your verdict on any imaginary injury, but it must be a real and substantial injury." We believe the foregoing instructions of the court fairly presented to the jury the law of the case-

and the appellee cannot justly complain that its rights and interests were not properly presented.

Appellant contends that these instructions were inconsistent, misleading, and confusing, but we think that a fair construction of the charge as given above is that the jury should only consider the damage resulting from the wrongful acts of the appellant, and eliminated from the consideration of the jury any damage resulting from other causes. Thomas vs. Kenyon, 1 Daly, 132.

**Nuisance. Special damages.** Though a nuisance be a public nuisance, yet if special damage accrues to a particular person, either direct or consequental, he can recover; and, if the nuisance is proved, the law infers damages. 6 Lawson, Rights, Rem. & Prac. §§ 2971-2978, and cases cited. Such acts as proved in this case have been declared by the courts to be nuisances. Baltimore & P. R. Co. vs. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719; 6 Lawson, Rights, Rem. & Prac. § 2981, and cases cited; Walter vs Selfe, 4 De Gex & S. 321; Smiths vs McConathy, 11 Mo. 517. The complaint charged results which were actionable per se. 6 Lawson, Rights, Rem. & Prac. § 2989. Sickness produced is an element of damage (Mills vs Hall, 9 Wend. 315); and sickness of wife (Ellis vs Railroad Co., 63 Mo. 131), and discomfort and inconvenience (Baltimore and P. R. Co. vs Fifth Baptist Church, supra; Wesson vs Iron Co., 13 Allen, 95; Randolf vs Town of Bloomfield, 77 Iowa, 50, 41 N. W. 562.) To permit water in a vault to percolate through the soil upon a neighbor is a nuisance. Ball vs Nye, 99 Mass. 582; Ross vs Butler, 19 N. J. Eq. 294. A parent is entitled to the services of his children, and can recover for any injury resulting in loss in this respect. Tiff. Pers. & Dom. Rel. pp. 267, 268, § 133; Kennard vs Burton, 25 Me. 39; Wilton vs Railroad Co., 125 **Loss of services. Wife and child.** Mass. 130; Railroad Co. vs Miller, 49 Tex. 322; Klingman vs Holmes, 54 Mo. 304. He could recover for medical services. Tiff. Pers. & Dom. Rel. p. 274; Honey vs Railroad Co. (C.

C. ) 59 Fed. 423; Navigation Co. vs Hollander, 8 C. C. A. 169, 59 Fed. 417; Dennis vs Clark, 2 Cush. 347. The husband can recover for loss of wife's services and society. Tiff. Pers. & Dom. Rel. p. 72, notes and cases cited. The wife's services are not measured as the services of a mere servant. Id. 73; Railroad Co. vs Goodman, 62 Pa. St. 329. The same rule is applied to the services of a child under the decisions which are carefully reviewed by Mr. Tiffany (1896;) Cooley, Torts, p. 228. And for medical expenses. Id. p. 226; 3 Bl. Comm. 140. The rule both as to wife and child is founded upon the peculiar value of services rendered in such relations. The instructions in this regard were given in nearly the same words of adjudged cases. Cooley, Torts, p. 228; Carey vs Railroad Co., 1 Cush. 475; Randolf vs Town of Bloomfiled, 77 Iowa, 50, 41 N. W. 562; Kearney vs Farrell, 28 Conn. 317; Rogers vs Smith, 17 Ind. 323; Shields vs Yonge, 15 Ga. 349; Sykes vs Lawler. 49 Cal, 236; Durden vs Barnett, 7 Ala. 169; Whitaker vs Warren, 60 N. H. 20; Meese vs City of Fon du Lac (Wis.) 4 N. W. 406. We are of the opinion, from an examination of the record and the briefs of counsel, that the verdict of the jury and judgment of the court were correct, and the judgment of the court is therefore affirmed.

CLAYTON and THOMAS, JJ., concur.