[Civ. No. 3455. Second Appellate District, Division Two.—July 29, 1921.]

## LOS ANGELES GAS AND ELECTRIC CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Dismissal of Action—Consolidation Under Workmen's Compensation Act—Right of Employer.—Where an action for damages for the death of an employee brought by the widow of the deceased is consolidated as provided by section 26 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1919, p. 920) with a subsequent action brought by the employer after having paid an award of compensation under such act, the employer has the right to have the action brought by the widow dismissed, under subdivision 1 of section 581 of the Code of Civil Procedure, where no counterclaim has been set up or affirmative relief sought by cross-complaint.

[2] Id.—Further Proceedings in Dismissed Action—Prohibition.—A writ of prohibition will issue to prevent a superior court from further proceeding in an action which has been consolidated with another action under section 26 of the Workmen's Compensation Act and thereafter dismissed.

APPLICATION for a Writ of Prohibition to restrain further proceedings in a dismissed action. Charles Monroe, Judge. Granted.

The facts are stated in the opinion of the court.

Paul Overton, S. W. Guthrie, Samuel Poorman, Jr., and Herbert J. Goudge for Petitioner.

Frank Karr, R. C. Gortner and W. R. Miller for Respondents.

WORKS, J.—One Milosevich, while engaged in laying a gas main for petitioner in a public street, was killed by a car operated by Pacific Electric Railway Company. The widow of Milosevich brought suit against the Railway Company for damages for his death, alleging that her loss resulted through the negligence of those operating the car. The

petitioner paid to the widow a sum of money under an award of the Industrial Accident Commission, in a proceeding instituted before that body on account of the death of the husband. A short time after the widow commenced her action against the Railway Company petitioner filed suit against that corporation, seeking damages because of the payment of the amount of the award. Under the provisions of section 26 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1919, p. 920; Deering's Codes and Gen. Laws, Consol. Supp. 1917–19, p. 1410), the full text of which section appears below, the two actions were consolidated. Immediately before the day on which the consolidated causes were to be tried petitioner filed with the clerk of respondent court a request for a dismissal of the action instituted by it, complying in all respects with the terms of subdivision 1 of section 581 of the Code of Civil Procedure, to the effect that an action "may be dismissed. . . . By the plaintiff, by written request to the clerk, filed with the papers in the case, at any time before the trial, . . . provided, a counterclaim has not been set up, or affirmative relief sought by the cross-complaint or answer of the defendant.'' In the action thus attempted to be dismissed no counterclaim was presented, nor was any affirmative relief asked by the defendant. The clerk, upon the filing of the request for a dismissal, entered a dismissal of the action in his register of actions. Upon the day on which the consolidated actions were to have been tried the Railway Company moved that the dismissal of petitioner's action be vacated. Respondent court granted the motion and ordered the trial of both actions, whereupon petitioner instituted this proceeding to compel respondent to desist from the exercise of further jurisdiction in the dismissed action and an alternative writ of prohibition was issued. The matter is now before us on the question whether the writ shall be made peremptory.

[1] Respondents contend that an action may not be dismissed where it has been consolidated with another action pursuant to the terms of section 26 of the Workmen's Compensation, Insurance and Safety Act. If that claim may be upheld we are presented with an unusual condition of affairs. A defendant may be kept in court, when once brought in through proper steps taken to acquire jurisdic-

tion over him, and there is manifest justice in the idea
that a plaintiff may be placed in the same position by the
interposition of a counterclaim against him, or by a prayer
of the defendant for affirmative relief. Consequently, such
a case is excepted from the operation of subdivision 1 of
section 581 of the Code of Civil Procedure. It is the policy
of government, however, to discourage, rather than to en-
courage, litigation, and that policy is subserved by permit-
ting the voluntary departure from court of one who volun-
tarily comes into court. As section 581 is grounded upon
such a policy and as, by its terms at least, it covers all
plaintiffs not coming within the exception above stated, we
must find something direct and explicit in section 26 of the
Workmen's Compensation Act before we can say that peti-
tioner is removed from the operation of section 581 and
that the position of respondents is justified. Section 26
follows:

"The term 'employee,' as used in this section, shall in-
clude the person injured and any other person in whom a
claim may arise by reason of the injury or death of such
injured person. The death of the employee, or of any other
person, shall not abate any right of action established by
this section. The claim of an employee for compensation
shall not affect his right of action for damages arising out
of injury or death against any person other than the em-
ployer; and any employer having paid, or having become
obligated to pay, compensation, may likewise bring an action
against such other person to recover said damages. If
either such employee or such employer shall bring such
action against such third person, he shall forthwith notify
the other in writing, by personal service or registered
mail, of such fact and of the name of the court in which
such suit is brought, filing proof thereof in such action,
and, if the action be brought by either, the other may,
at any time before trial on the facts, join as party plaintiff
or must consolidate his action, if brought independently. If
the suit be prosecuted by the employer alone evidence of
any expenditures which the employer has paid or become
obligated to pay by reason of said injury or death shall
be admissible, and such expenditures shall be deemed a part
of the damages, including a reasonable attorney's fee to be
fixed by the court; and if in such suit the employer shall

recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled. If the employee joins in or prosecutes such suit, evidence of the amount of disability, indemnity or death benefit paid by the employer shall not be admissible, but proof of all other expenditures on account of said injury or death shall be admissible and shall be deemed part of the damages. The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation. When any injury or death shall have been suffered by an employee, no release or settlement of any claim for damages by reason of such injury or death and no satisfaction of judgment in such proceedings, shall be valid without the written consent of either both employer and employee, or one of them, together with the consent of the commission or the court in which any such action may be pending.''

We scan the section in vain for a support for the position of respondents. By its language one situated as was petitioner after the payment of the award may maintain such an action as petitioner commenced against the railway company. *If* such an action is commenced, the section requires that it must be consolidated with any action commenced by one circumstanced as was the widow of Milosevich. We can perceive no support for respondents' position in the mere fact that a consolidation was required by the statute, or that one resulted under it. If actions are consolidated because of the mandate of a statute, because of the permission of a statute, or because of a stipulation of the parties, it appears to us that the status of the consolidated actions is the same. If the attitude of respondents were correct, then a dismissal of any action which is consolidated with others would be impossible, through whatever means the consolidation were brought about. Section 1195 of the Code of Civil Procedure permits the consolidation of mechanics' lien cases, and it is almost the invariable practice to order a consolidation of such actions. Can it be that after a consolidation none of such cases may be dismissed? If one may not, neither may any number less than all. If ten such cases are consolidated—and more than that number are frequently brought together where

large jobs are involved—nine may not be dismissed voluntarily by the respective plaintiffs if the tenth plaintiff elects not to dismiss.  In resolving this question it must be remembered that the consolidation of actions is usually brought about solely for the purpose of avoiding repetitions of procedure and evidence, and for the economizing of time.  We are at a loss to perceive any other reason behind the requirement for consolidation contained in section 26.  We are convinced that petitioner was not prevented from dismissing its action by the fact that it was consolidated with another action.  As in some degree supporting our conclusions, we cite the following authority for the general proposition that causes which have been consolidated are, for a variety of purposes, still to be considered as separate actions, the first of the cases being directly in point: *Young* v. *Grand Trunk Ry.*, 9 Fed. 348; *Union Pac. Ry. Co.* v. *Jones,* 49 Fed. 343, [1 C. C. A. 282] ; *Toledo, St. L. & K. C. R. Co.* v. *Continental Trust Co.*, 95 Fed. 497, [36 C. C. A. 155] ; *American Trust & Sav. Bank* v. *Zeigler Coal Co.,* 165 Fed. 34, [91 C. C. A. 72] ; *Mutual Life Ins. Co.* v. *Hillmon,* 145 U. S. 285, [36 L. Ed. 706, 12 Sup. Ct. Rep. 909, see, also, Rose's U. S. Notes] ; *Cariaga* v. *Dryden,* 29 Cal. 307; *Harmon* v. *San Francisco & S. R. R. Co.,* 86 Cal. 617, [25 Pac. 124] ; *Realty Construction & M. Co.* v. *Superior Court,* 165 Cal. 543, [132 Pac. 1048] ; *Los Angeles Pressed Brick Co.* v. *Higgins,* 8 Cal. App. 514, [97 Pac. 414, 420].

[2]  The next contention of respondents is based upon the assertion, made by them, that under the statute governing the litigation inaugurated by the consolidated actions, respondent court had jurisdiction to try and determine the petitioner's right of action at the suit of the widow alone. After this statement they say, reproducing their italics: "The effort of either to withdraw from the case would leave the court with the same *jurisdiction* over the case, not only as to the party still prosecuting, but as to the other party who seeks to dismiss.  Therefore, there can be in such a situation no *exceeding of jurisdiction* by the trial court, for it has the entire subject matter and all the parties still before it, to dispose of by judgment."  And after a page of argument they say, further: "Petitioner must, therefore, admit that the trial court, in spite of the attempted dismissal, has the same jurisdiction it had before the dismissal,

and must confess that its dismissal was not intended to deprive the court of jurisdiction to adjudge a recovery in its favor.'' This matter is advanced in support of the claim that prohibition does not lie under the circumstances presented, for the reason that the writ issues only to curb an excess of jurisdiction. We are unable to follow this argument. Counsel, in presenting it, fail to distinguish between jurisdiction over a particular question or controversy and jurisdiction over a particular action. To say that respondent court had jurisdiction, in the action commenced by the widow, to pass upon the *questions* presented by the action instituted by petitioner, is far from saying that it had jurisdiction, because of that fact, over the latter *action* itself. If it attempted to retain and exercise jurisdiction over petitioner's action on such a ground, respondent court would exceed its jurisdiction and such excess could be prevented by prohibition.

A goodly portion of the brief of respondents is devoted to a discussion of the effect upon the present controversy of a defense of contributory negligence which is set up in the answer to the complaint in petitioner's suit. In the midst of the argument of the question, respondents say: ''A decision of the question now under discussion is not, we assume, necessary to a determination of the matter now before this honorable court; but we make this argument only in view of the possibility of the point being discussed by the members of the court.'' In its reply brief petitioner concurs in the view that the argument in question is inapplicable to the present controversy. As we entertain the same view, we do not undertake a discussion of the point.

A peremptory writ of prohibition will issue as prayed for.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 26, 1921.

All the Justices concurred, except Shaw, J., who was absent.